[No. 6,886.—In Bank.]
March 14, 1882.

M. H. WALSH v. J. M. HUTCHINGS ET AL.

APPEAL FROM ORDER—RECORD—TRANSCRIPT—IDENTIFICATION OF PAPERS—BILL OF EXCEPTIONS—CLERK'S CERTIFICATE.—Upon an appeal from an order, opening a default, papers appeared in the transcript as printed, purporting to be an affidavit of the defendant, and a counter-affidavit of the plaintiff; and there was a certificate of the Clerk, that the transcript contained full, true, and correct copies of all papers used upon the hearing of the motion, in the Court below; but there was no bill of exceptions or certificate of the Judge as to the identity of the papers.

*Held :* It is not for the Clerk to determine what papers or evidence the Court acted upon; and his certificate must be disregarded.

APPEAL from an order of the Thirteenth District Court of the County of Merced.

*J. K. Law,* for Appellant. ·

*R. H. Ward* and *P. D. Wigginton,* for Respondent.

MYRICK, J.:

This is an appeal from an order setting aside a default judgment entered against the defendant. The action was commenced in the District Court in and for the county of Merced, and the summons was served on the defendant in the city and county of San Francisco, October 11, 1879. The default and judgment were entered by the Clerk November 26, 1879. The defendant moved to vacate the judgment and set aside the default, and for leave to answer, which motion was granted

by the Court.   Papers appear in the transcript as printed purporting to be an affidavit of the defendant, and a counter affidavit of the plaintiff; but there is no bill of exceptions, and the Judge of the Court below does not certify or identify these papers as having been used on the motion.    It is true, the Clerk of the Court below certifies that the transcript "contains full, true and correct copies of all papers used on the hearing in said District Court on the motion of said defendant Hutchings to set aside said default and judgment;" but it is not for the Clerk to determine what papers or evidence the Court acted upon.   Disregarding these papers, it does not appear that the Court was not justified under Section 473, C. C. P., in making the order.

Order affirmed.

McKEE, SHARPSTEIN, and THORNTON, JJ., concurred.

McKINSTRY, J., concurred in the judgment.

MORRISON, C. J., also concurred in the judgment.