[Civ. No. 800. First Appellate District.—June 26, 1911.]

## H. C. HARRISON, Appellant, v. H. D. COUSINS and H. W. HUTTON, Respondents.

ORDER CHANGING PLACE OF TRIAL—APPEAL—DISMISSAL—UNAUTHEN-
TICATED RECORD—NONCOMPLIANCE WITH RULE OR LAW.—An appeal from an order changing the place of trial will be dismissed, where no attempt was made by the judge to comply with rule XXIX of the supreme court requiring that, "in all cases of appeals from the orders of the superior court, the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except when another mode of authentication is provided by law," where there was no attempt of the judge either to comply with this rule, nor with the procedure authorized by section 953a of the Code of Civil Procedure, but the certificate of the judge is radically defective.

ID.—APPEAL TAKEN UNDER SECTION 951—NONEXCEPTED CASES—BILL
OF EXCEPTIONS REQUIRED.—Where an appeal under section 951 of
the Code of Civil Procedure is taken from any order other than
an order granting or refusing a new trial, although the papers
required to be furnished on such other appeals to the supreme
court are enumerated, yet as no other mode of authentication is
therein provided for, the only mode of authentication permitted
is that required in rule XXIX of the supreme court, by incor-
porating the same in a bill of exceptions.

APPEAL from an order of the Superior Court of the
City and County of San Francisco, changing the place of
trial. Frank J. Murasky, Judge.

Motion to dismiss appeal. The facts are stated in the opin-
ion of the court.

F. R. Wall, for Appellant.

Curtis & McNab, and Houghton & Houghton, for H. D.
Cousins, Respondent.

H. W. Hutton, Respondent, in *pro. per.*

HALL, J.—This is an appeal by the plaintiff from an
order, granting the motion of defendant, H. D. Cousins, for
an order changing the place of trial of the action from the
city and county of San Francisco to the county of San
Bernardino.

Respondent objects to the hearing of the appeal upon its
merits, and asks that the appeal be dismissed for the reason
that there is no proper record before this court, in that the
papers used or claimed to have been used on the hearing of
the motion are not authenticated by being incorporated into
a bill of exceptions as required by rule XXIX of the supreme
court.

The transcript on appeal filed in this court contains no bill
of exceptions, nor any record made up in accordance with
the provisions of section 953a of the Code of Civil Procedure.

The transcript does contain what purport to be copies of
various papers, including the complaint, affidavit of merits
of H. D. Cousins, including certain exhibits, designated by
the letters A, B, C and D, attached thereto, notice of motion
for change of venue, demand for change of venue, demurrer

of H. W. Hutton, (copy of) certificate of clerk of superior court of San Bernardino county as to correctness of foregoing papers, minute order of court granting the change of venue, notice of order, notice of appeal, a stipulation not signed, certificate of clerk of superior court of San Francisco to the correctness of the copy of the minute order granting the change of venue and of the notice of appeal, and to the giving of an undertaking on appeal. These papers are followed by a certificate signed by the judge of the superior court of the city and county of San Francisco as follows: ''I . . . do hereby certify that upon the hearing of the motion of H. D. Cousins, one of the defendants in the above-entitled action, for a change of venue to the Superior Court of the State of California, in and for the county of San Bernardino, the only papers considered were the complaint in said action, the affidavit of merits of H. D. Cousins, with four exhibits, A, B, C, and D; said Cousins' notice of motion for a change of venue, and the demurrer of H. W. Hutton, one of the defendants above named; that said motion was heard by me, and that I granted the order changing the venue in said action; that true and correct copies of the above-named papers which were considered by me upon the hearing of said motion are set out in the foregoing transcript.''

This certificate does not purport to have been given in settlement of a bill of exceptions, but appears to have been given *ex parte.* It states that certain enumerated papers only were *considered,* and omits to make any mention of the *demand for a change of venue.*

Rule XXIX [144 Cal. xlvi, 78 Pac. xii] requires that ''In all cases of appeal from the orders of the superior courts the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except when another mode of authentication is provided by law.''

In this case no attempt was made to comply with this rule or the procedure authorized by section 953a of the Code of Civil Procedure.

The appellant's contention is that under section 951 of the Code of Civil Procedure he is only required, on an appeal from an order, except an order granting or refusing a new trial, to furnish the appellate court with a copy of the notice

of appeal, of the order appealed from, and of the papers used on the hearing in the court below. While said section does enumerate a list of papers, copies of which must be furnished the appellate court, it does not undertake to provide how such papers or the copies thereof shall be authenticated. That matter is provided for in the rule of court, which requires that the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions.

The necessity of complying with this rule is made manifest by what has happened in this case, for by proceeding in this *ex parte* way appellant procured from the judge of the court a certificate as to what papers were *considered* (not what were *used*), which makes no mention of the "demand for change of venue." Neither does the transcript before us show whether or not the respondent had answered or demurred at the time he filed his affidavit of merits and demand for a change of venue, or that he ever answered or demurred to the complaint. (Code Civ. Proc., sec. 396.)

If the method prescribed by the rule of court had been followed in this case, the respondent would have had an opportunity of having all the proper papers and evidence inserted in the record.

The record before us not being authenticated either as required by the rule of court or any provision of the law, we cannot consider it. (*Ramsbottom* v. *Fitzgerald,* 128 Cal. 75, [60 Pac. 522] ; *Melde* v. *Reynolds,* 120 Cal. 236, [52 Pac. 491] ; *Muzzy* v. *McEwen Lumber Co.,* 154 Cal. 686, [98 Pac. 1062].)

The appeal is dismissed.

Lennon, P. J., and Kerrigan, J., concurred.