[S. F. No. 5826.   In Bank.—October 9, 1911.]

HIBERNIA SAVINGS AND LOAN SOCIETY (a Corporation), Plaintiff; H. A. UNRUH, as Executor of the Estate of E. J. Baldwin, Deceased, Intervener, Respondents, v. W. J. DORAN, Appellant.

Appeal — Motion for Change of Venue — Methods for Perfecting Appeal from Order.—A motion for a change of the place of trial being heard and determined, at least in part, upon affidavits, it is necessary, to perfect an appeal from the order made thereon, for the appellant to follow either the method prescribed by sections 953a, 953b, and 953c of the Code of Civil Procedure, or the method prescribed by rule XXIX of the supreme court.

Id.—Perfecting Appeal by New Method—Request for Transcript.— In perfecting the appeal in the method authorized by section 953a of the Code of Civil Procedure, as one taken after trial, it became the appellant's duty, in addition to giving the notice prescribed by section 941b, to file his request for a transcript of the "testimony offered or taken, evidence offered or received," etc., as prescribed by section 953a, with the undertaking contemplated by section 953b. Thereupon it would have become the duty of the court to require a transcript of the reporter's notes taken at the trial, which it would have been his duty to examine and certify to its correctness.

Id.—Failure to Perfect Appeal—Absence of Record—Affirmance of Order.—Where the appellant has failed to perfect his appeal from such order by either of such methods, and as the supreme court has become vested with jurisdiction over the appeal under the new method by the notice of appeal given by the appellant to the clerk, the proper practice is not to dismiss the appeal, but to affirm the order for lack of a record showing error.

Id.—Examination of Record on Motion to Dismiss.—It is a rule of convenience for the expedition of the business of this court that it will not ordinarily entertain a motion to dismiss involving an examination of the record in advance of the hearing upon the merits; but where a mere inspection of the record discloses that no relief can be given to the appellant this court will consider the question to save unnecessary delay and expense to litigants.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco denying a motion for change of the place of trial.   George Cabaniss, Judge.

The facts are stated in the opinion of the court.

S. V. McClure, for Appellant.

Tobin & Tobin, for Respondent, Hibernia Savings and Loan Society.

Bradner W. Lee, and F. S. Brittain, for Respondent, H. A. Unruh.

HENSHAW, J.—This is a motion to dismiss an appeal taken from an order denying defendant's motion for change of place of trial. Attempting to appeal under the new method, defendant gave the clerk of the trial court the notice contemplated by section 941a of the Code of Civil Procedure, and, seemingly under the belief that nothing further was required of him, did no more. The clerk of the trial court prepared a purported transcript for the use of this court and certified thereto that it contained "true and correct copies as the same are on file in my office of the following papers and pleadings in the above entitled action." The subjoined list of papers and pleadings contained notices of motion and affidavits. This being an appeal from an order heard and determined, at least in part, upon affidavits, to perfect it it became necessary for appellant to follow either the method prescribed by sections 953a, 953b, and 953c of the Code of Civil Procedure or the method prescribed by rule XXIX of this court. But appellant did neither. Treating the attempted appeal as one taken after trial, by authority of section 953a, it became appellant's duty, in addition to giving the notice prescribed by section 941b, to file his request for a transcript of the "testimony offered or taken, evidence offered or received," etc., as prescribed by 953a, with the undertaking contemplated by 953b. Thereupon it would have become the duty of the court to require a transcript of the reporter's notes taken at the "trial." In the case of an appeal from an order such as this, this transcript would have consisted of copies of the affidavits, the rulings of the court and any other evidence taken at the hearing. It would there have become the duty of the judge to examine the transcript and, satisfying himself of its corectness, so to have certified. But, as has been said, appellant in this case took no one of these initiatory steps, either by filing his request or his undertaking. As little did he comply with the second method

outlined by rule XXIX of this court, [78 Pac. xii]. For, admittedly, there is in this record no authenticated bill of exceptions and, indeed, no bill of exceptions at all.

Appellant, therefore, having pursued neither method to perfect his appeal, it results that that appeal stands here upon a record making it impossible for the court to review the order appealed from.

It is a rule of convenience for the expedition of the business of this court that it will not ordinarily entertain a motion to dismiss involving an examination of the record in advance of the hearing upon the merits. But where, as in this case, a mere inspection of the record discloses that no relief can be given to the appellant this court will consider the question, to save unnecessary delay and, expense to litigants. Ordinarily, it can matter little whether the form of the order made in the premises be one of dismissal or one of affirmance for lack of proper record. In the present case, however, jurisdiction over the appeal having been vested under the new system by the notice given by appellant to the clerk, the proper order would be one of affirmance of the order upon appeal for lack of record showing error.

It is ordered accordingly.

Angellotti, J., Shaw, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.