[Civ. No. 912.  First Appellate District.—February 13, 1912.]

JOHN S. KNOX, Appellant, v. HENRY SCHRAG et al., Respondents.

APPEAL FROM ORDER CHANGING PLACE OF TRIAL—RECORD IMPROPERLY AUTHENTICATED—CERTIFICATE OF CLERK.—Where, upon appeal from an order changing the place of trial of an action, the transcript upon appeal is entitled a "Bill of Exceptions," including affidavits, notice of motion for change of venue, demand for such change, amended complaint, demurrer thereto, order of court granting the motion and notice of appeal, which was not settled by the judge as required by rule XXIX, and no attempt was made to follow the new method of procedure, but the only authentication of the record is that of the clerk presented in the transcript, a record so authenticated is held wholly insufficient as a basis for this court to review the order appealed from.

ID.—PROPER PROCEDURE FOR INSUFFICIENT RECORD—AFFIRMANCE.—It is held that the proper procedure, in such case, is not to dismiss the appeal, but to affirm the order appealed from.

APPEAL from an order of the Superior Court of Alameda County granting a motion to change the place of trial.  F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Langan & Mendenhall, for Appellant.

Lloyd S. Ackerman, for Respondents Henry Schrag and John Casey.

HALL, J.—This is an appeal from an order granting the motion of defendants for a change of the place of trial from Alameda county to Calaveras county.

Respondents object to the hearing of the appeal upon its merits, and ask this court to dismiss the appeal because, as it is claimed, no properly authenticated record has been filed in this court.

The transcript filed in this court is entitled "Bill of Exceptions," and consists of various documents, including, among others, various affidavits, notice of motion for change of venue, demand for such change, amended complaint, demurrer to amended complaint, order of court granting motion, and notice of appeal. No bill of exceptions was ever settled by the judge as required by rule XXIX, [144 Cal. lii, 119 Pac. xiv], and no attempt was made to follow the procedure authorized by sections 953a, 953b and 953c, Code of Civil Procedure.

The only authentication of the record is that contained in a certificate of the clerk printed in the transcript, to the effect that the transcript "contains full and true copies of the bill of exceptions and notice of appeal from order, and all papers used in motion for change of venue, now on file in said court and cause."

A record so authenticated is wholly insufficient as a basis for this court to review the order appealed from. (*Harrison v. Cousins,* 16 Cal. App. 515, [117 Pac. 564]; *Hibernia Sav. & Loan Soc.* v. *Doran,* 161 Cal. 118, [118 Pac. 526]; *Hershey* v. *Bristol,* 162 Cal. 110, [121 Pac. 371].)

In *Harrison* v. *Cousins,* 16 Cal. App. 515, [117 Pac. 564], this court granted a motion to dismiss the appeal, but in *Hibernia Sav. & Loan Soc.* v. *Doran,* 161 Cal. 118, [118 Pac. 526], it is pointed out by the supreme court that the more appropriate order is an affirmance of the order appealed from.

The order appealed from is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.