[Civ. No. 949.   First Appellate District.—March 7, 1912.]

CREDIT CLEARANCE BUREAU, a Corporation, Appellant, v. WEARY & ALFORD COMPANY, a Corporation, Respondent.

APPEAL—ORDER VACATING DEFAULT JUDGMENT—HEARING UPON AFFIDAVITS—INSUFFICIENT AUTHENTICATION BY CLERK—AFFIRMANCE OF ORDER.—An order vacating a default judgment, which was heard and determined upon affidavits, must be affirmed where the only record prepared for use upon the appeal is a purported transcript of the judgment-roll, the notice of motion to set aside the judgment, and affidavits used upon the hearing certified alone by the clerk of the trial court, which cannot be considered.

ID.—ALTERNATIVE MODE OF PERFECTING APPEAL—CERTIFICATE OF JUDGE ESSENTIAL.—To perfect such an appeal, the appellant must adopt either the method prescribed by sections 953a, 953b and 953c of the Code of Civil Procedure, or that prescribed by rule XXIX of the supreme court. In either of such methods, the record must be examined and authenticated by the trial judge, who knows what papers were used at the hearing. It is not for the clerk to determine what papers the court acted upon in setting aside the default judgment.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating and setting aside a judgment by default. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

L. H. Melsted, and Edwin H. Williams, for Appellant.

Stratton & Kaufman, for Respondent.

KERRIGAN, J.—This is an appeal from an order vacating and setting aside a default judgment.

The defendant objects to the hearing of the appeal on the ground that no properly authenticated record has been filed in this court.

The clerk of the trial court prepared what purports to be a transcript for the use of this court upon the appeal, certifying that it contained a full, true and correct copy of the judgment-roll, notice of motion to set aside the default, and affidavits used on the hearing. It has been held, however, in

several cases that this authentication is insufficient. Here the appeal is from an order heard and determined upon affidavits. To perfect such an appeal it was necessary for the appellant to adopt either the method prescribed by sections 953a, 953b and 953c of the Code of Civil Procedure or that prescribed by rule XXIX of the supreme court. (144 Cal. lii, [78 Pac. xii].) If either of such methods had been pursued, the record would have been examined and authenticated by the trial judge—the person who knew what papers were used upon the hearing of the motion. As was said in *Walsh* v. *Hutchings*, 60 Cal. 228, "It is not for the clerk to determine what papers or evidence the court acted upon."

The plaintiff having availed itself of neither method to perfect its appeal, it results that the appeal cannot be considered and that we must affirm the order. (*Knox* v. *Schrag, ante*, p. 220, [122 Pac. 969]; *Harrison* v. *Cousins*, 16 Cal. App. 515, [117 Pac. 564]; *Hibernia Sav. & Loan Society* v. *Doran*, 161 Cal. 118, [118 Pac. 526]; *Hershey* v. *Bristol*, 162 Cal. 110, [121 Pac. 371].)

The order is affirmed.

Hall, J., and Lennon, P. J., concurred.