[Civ. No. 1175.    First Appellate District.—February 28, 1913.]

HENRY THOMPSON, Appellant, v. THE AMERICAN FRUIT COMPANY, a Foreign Corporation, Respondent.

APPEAL—ALTERNATIVE METHOD—AUTHENTICATION OF RECORD.—The alternative method of appeal provides a procedure for preparing a record upon appeal from any appealable order of the superior court, which record, when prepared, performs the functions of a bill of exceptions; but such record is required to be authenticated in essentially the same manner as is required for the settlement and allowance of a bill of exceptions.

ID.—CERTIFICATION OF RECORD MUST BE BY THE JUDGE, NOT BY THE CLERK.—An appeal from an order granting a motion to vacate a default judgment will be dismissed if the record is not authenticated by

the judge, although appended to the record is the clerk's certificate that the record is composed of true copies of the original pleadings, papers, motions, and orders made and entered in the court below. Under either the original or alternative method of appeal, the authentication should show what papers and evidence were actually used and had upon the hearing of the motion which culminated in the order appealed from. This the clerk could not do. It was not for him but for the judge who determined the motion to certify the papers and evidence upon which the order appealed from was made.

APPEAL from an order of the Superior Court of Alameda County vacating a default judgment.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Henry Thompson, for Appellant.

Wilbur G. Zeigler, for Respondent.

LENNON, P. J.—This purports to be an appeal from an order granting a motion to vacate a judgment rendered and entered upon the default of the defendant.

The appeal cannot be considered for the reason that it has not been prepared in the manner nor perfected to the extent required by law.

The record before us consists of a copy of the following pleadings, papers, and orders in the case, viz.: 1. The plaintiff's complaint; 2. The summons and the sheriff's return thereon; 3. The judgment; 4. Plaintiff's affidavit in support of motion for judgment on default; 5. Defendant's notice of motion to vacate judgment; 6. Order vacating judgment; and 7. Notice of appeal. Appended to all of these is the certificate of the county clerk that they are full, true, and correct copies of the originals in the action. This record, however, is not in any manner or form authenticated by the certificate of the judge of the lower court before whom the matter was heard and determined.

Prior to the adoption of the alternative method of appeal provided for in chapter I, part II, title XIII, of the Code of Civil Procedure, no express provision was to be found in the code law requiring the pleadings, papers, evidence etc. used and had upon the hearing and determination of a motion made in the superior court, to be, upon appeal to this court

from an order granting or denying the motion, identified and authenticated by the certificate of the judge of the lower court as having been so used. The present and past rules of the supreme court, however, covered this omission of the statutory law by providing that "In all cases appealed from the orders of the superior courts the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating them in a bill of exceptions, except where another method of authentication is provided by law." (Supreme Court Rule No. 29, [160 Cal. lvi, 119 Pac. xiv].)

The alternative method of appeal previously mentioned provides a procedure for preparing a record upon appeal from any appealable order of the superior court, which record when prepared performs the functions of a bill of exceptions. Such record, however, is required to be authenticated in essentially the same manner as is required for the settlement and allowance of a bill of exceptions. While the authentication required by this new method of preparing records upon appeal has been held not to apply to the judgment-roll upon which an appeal may be taken, it has been declared to be an essential of all other records upon appeal which are designed to take the place of a bill of exceptions. (*Christenson L. Co.* v. *Seawell*, 157 Cal. 405; [108 Pac. 276]; *Knoch* v. *Haizlip*, 163 Cal. 20, [124 Pac. 997].)

Although the clerk's certificate in the present case declares that the record brought here is composed of true copies of the original pleadings, papers, motions, and orders filed, made, and entered in the court below, this is not an authentication of the record sufficient to perfect the appeal under the original or alternative method of appeal. Under either method the authentication should show what papers and evidence were actually used and had upon the hearing of the motion which culminated in the order appealed from. This the clerk could not do. It was not for him but for the judge who determined the motion to certify the papers and evidence upon which the order appealed from was made. (*Harrison* v. *Cousins*, 16 Cal. App. 515, [117 Pac. 564]; *Knox* v. *Schrag*, 18 Cal. App. 220, [122 Pac. 969]; *Hibernia Sav. & L. Soc.* v. *Doran*, 161 Cal. 118, [118 Pac. 526]; *Credit Clearance Bureau* v. *Weary etc. Co.*, 18 Cal. App. 467, [123 Pac. 548]; *Walsh* v. *Hutchings*, 60 Cal. 228.)

If it was appellant's purpose to present his appeal to this court under the original method of appeal he should have prepared and presented to the judge of the lower court for settlement a bill of exceptions, showing the papers, evidence, pleadings, and proceedings used and had upon the making of the order appealed from. That this was not his purpose, however, is apparent from the record before us, which does not purport to be an authenticated bill of exceptions as required by the rule of the supreme court. Apparently it was the purpose of appellant to take his appeal under the alternative method; but he failed to prepare and perfect the record in the manner and to the extent required by the code provisions creating that method. After filing his notice of appeal under the provisions of section 941b of the Code of Civil Procedure, the appellant neglected to do any of the things required by section 953a of the same code. In order to avail himself of the alternative method of appeal it was incumbent upon appellant, in addition to giving the notice of appeal, to file with the clerk a request for a transcript as provided by the section last mentioned, which would have consisted of copies of the moving papers, the evidence taken upon the hearing of the motion, and the rulings of the court thereon. Upon the completion of such a transcript it would have been the duty of the judge of the lower court to examine the same and certify its correctness to this court (*Hibernia Sav. & L. Soc.* v. *Doran*, 161 Cal. 118, [118 Pac. 526].)

Inasmuch as we have not before us under either method of appeal a duly authenticated record of the proceedings had in the lower court upon the making of the order appealed from we are precluded from considering the matter upon its merits. The appeal is dismissed.

Hall, J. and Murphey, J., *pro tem.*, concurred.