[S. F. No. 7132. In Bank.—December 29, 1914.]

## JOSEPH F. BORGES, Respondent, v. IDA J. DUNHAM, Appellant.

RECEIVER—ACTION TO CANCEL DEED—TRANSCRIPT ON APPEAL—INSUFFICIENT RECORD.—Where the transcript on appeal from an order appointing a receiver, in an action to cancel a deed and for an accounting of the rents and profits from the land, contains no bill of exceptions, but merely contains a copy of the pleadings; notice of motion for appointment of the receiver; minutes reciting that the trial of the action was commenced; that a witness was sworn and testified; that plaintiff's motion for the appointment of

the receiver was granted; the order appointing the receiver, his bond and oath; notice of appeal and undertaking thereon, and a stipulation of counsel (reserving all objections to the record), and certificate of the clerk as to the correctness of the copies of the records, but there is nothing in the transcript indicating that any of the papers were used on the hearing of the motion, nor any statement of any testimony given in support of the motion or at the trial of the case, the appeal, if considered as taken under the old method, is ineffectual for lack of a showing as to what papers or evidence were used or introduced on the motion; and if the appeal be considered as taken under sections 953a, 953b, and 953c of the Code of Civil Procedure, it is abortive, because appellant, after filing notice of appeal, took no further steps thereunder to procure a record to be used on appeal.

ID.—MOTION TO DISMISS—AFFIRMANCE OF ORDER APPOINTING RECEIVER PROPER PROCEDURE.—As the filing of the notice of appeal in the lower court in such a case, treating the appeal as taken under the new method, conferred jurisdiction upon the supreme court, and as a mere inspection of the record shows that appellant is entitled to no relief, the proper order, in response to a motion to dismiss the appeal, is to affirm the order appointing the receiver.

APPEAL from an order of the Superior Court of Napa County appointing a receiver. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Harold Ide Cruzan, and E. L. Webber, for Appellant.

Clarence N. Riggins, for Respondent.

SULLIVAN, C. J.—Motion to dismiss appeal from order appointing receiver.

Plaintiff brought an action in the superior court of Napa County to cancel a deed which he had executed and delivered to the defendant and for an accounting of the rents and profits derived from the land described in the deed. Defendant answered, denying specifically the material allegations of the complaint and with her answer filed a cross-complaint in which she sued to quiet her title to the land in controversy. After issue joined, plaintiff, pursuant to notice given to the defendant, moved the trial court for an order appointing a receiver to receive the rents, issues, and profits of the real property involved in the action. The motion was noticed for the day set for the trial, and, as stated in the

notice of motion, was based "upon all the papers, files, records, and proceedings in said action, and upon all the evidence that may be received at said trial and upon further evidence to be introduced in support of the motion." At the trial, and after some testimony had been taken, the court granted plaintiff's motion and appointed a receiver. From the order appointing the receiver defendant appealed. Plaintiff now moves to dismiss the appeal upon the ground that the appellant has failed to present a record upon which the order appealed from can be reviewed.

The transcript on appeal contains no bill of exceptions. It contains a copy of the following papers and records: the pleadings; notice of motion for appointment of receiver; minutes reciting that the trial of the action was commenced; that a witness was sworn and testified, and that plaintiff's motion for the appointment of a receiver was granted; the order appointing the receiver, his bond and oath; notice of appeal and undertaking thereon. Appended to the transcript is a stipulation signed by counsel for respondent (reserving all objections to the record) wherein he agrees that the transcript contains a full, true, and correct copy of all the papers therein set forth now on file in the office of the county clerk of Napa County, and that the minutes therein contained are full, true, and correct copies thereof. There is also included in the transcript a certificate signed by the clerk in which he certifies the correctness of the copies of the papers and minutes contained in the transcript. Not only is there no bill of exceptions, but there is nothing in the record indicating that any of the papers, copies of which are contained in the transcript, were used on the hearing of the motion, nor is there a statement of any testimony given in support of the motion or at the trial of the case. If we consider the appeal as taken under the old method it is ineffectual for the purposes of review, because it contains no bill of exceptions showing what papers were used or what evidence was introduced on the motion. If we consider the appeal as taken under the provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure, the appeal is abortive, because appellant, after filing notice of appeal, took no further steps under those code sections to procure a record to be used on appeal. For the reasons stated it is impossible with the record before us to review the order appointing the receiver.

As the filing of the notice of appeal in the court below, treating the appeal as taken under the new method, conferred jurisdiction upon this court, and as a mere inspection of the record shows that appellant is entitled to no relief, the proper order for this court to make in response to the motion to dismiss is to affirm the order appointing a receiver. (*Hibernia Sav. & Loan Soc.* v. *Doran,* 161 Cal. 118, [118 Pac. 526].)

It is therefore ordered that the order appealed from be affirmed.

Angellotti, J., Sloss, J., Henshaw, J., Lorigan, J., and Melvin, J., concurred.