[Civ. No. 1261.  Second Appellate District.—February 1, 1915.]

## MINNIE LEWIS, Respondent, v. JOHN LAPIQUE, Appellant.

APPEALS—ORDER VACATING ORDER STAYING EXECUTION—INSUFFICIENT RECORD.—An appeal from an order vacating an order staying execution taken under the provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure, cannot be considered where the typewritten transcript is not certified by the judge of the trial court.

APPEAL from an order of the Superior Court of Los Angeles County dismissing an appeal and from an order vacating an order staying execution. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Appellant.

C. A. Stice, for Respondent.

JAMES, J.—Defendant in this action, who was substituted after judgment in lieu of the original parties defendant thereto, presents an appeal which purports to have been taken from an order of the superior court dismissing an appeal and from an order of the same court vacating an order staying execution. The appeal is attempted to be taken under the provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure. The transcript (which is typewritten only) is not certified by the judge of the court, and therefore cannot be considered. (*Credit Clearance Bureau* v. *Weary & Alford Co.*, 18 Cal. App. 467, [123 Pac. 548].) The appeal is therefore left without a record to support it. It may be remarked, however, that from the improperly authenticated papers shown in the transcript it appears that a judgment was entered in favor of respondent quieting title to certain real property on the thirty-first day of January, 1912; that various notices were given of intention to move for a new trial on behalf of the defendants, and that on October 28th of the same year, on motion of respondent, an order was made in the superior court dismissing the proceedings on motion for a new trial and vacating the stay of execution

theretofore allowed. It is not shown that at that time any appeal had been taken from the judgment quieting title, or from any other order made in the action. Hence, when appellant stated in the notice of this appeal which he filed, that he was appealing from an order dismissing his appeal in the court below, he described an appeal taken from an order which had not been made, and one which the superior court had no jurisdiction to make. If his appeal could be here considered on its merits on the imperfect record presented, the only matter which could be reviewed at all would be the action of the court in vacating the stay of execution; and as to that we apprehend there could be no abuse of discretion, as the court might properly have declined to make such a stay pending appeal, or might properly, as it did, have vacated the same where there was an unusual delay on the part of the proposed appellant in the giving of the notice of appeal. It follows that the order attempted to be appealed from should be affirmed.

The order vacating the order staying execution is affirmed.

Conrey, P. J., and Shaw, J., concurred.