[Civ. No. 1416.   Third Appellate District.—December 1, 1915.]

## JOHN W. ULM, Respondent, v. CLARENCE M. PRATHER et al., Appellants.

RECEIVER—APPEAL FROM ORDER OF APPOINTMENT—RECORD—BASIS OF ORDER—PRESUMPTION.—Upon an appeal from an order appointing a receiver, where there is no bill of exceptions in the transcript or other record showing upon what evidence the court based its order, the presumption must be indulged in support of the action of the court, that it had before it facts sufficient to justify it in making the order, notwithstanding the facts which are disclosed by the complaint might not themselves, taken alone, be enough to warrant the appointment under section 564 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Siskiyou County appointing a receiver.   James F. Lodge, Judge.

The facts are stated in the opinion of the court.

Taylor & Tebbe, for Appellants.

B. K. Collier, James R. Tapscott, and Tapscott & Tapscott, for Respondent.

HART, J.—The plaintiff brought this action for an accounting and thereby a determination and adjudication of the amount to which the parties to this action are, respectively, entitled, by reason of an agreement of copartnership entered into by and between said parties on the first day of June, 1909.

Besides praying for an accounting, the complaint asks that a receiver to act *pendente lite* be appointed by the court to take charge of the partnership property and assets, "to properly protect and care for the same, and, as soon as practicable and for the best interests of all concerned, market the aforesaid property, and the whole thereof, under the directions of the court, accounting to this court herein for the proceeds thereof."

The court accordingly made an order appointing a receiver, naming one Parshall as such, said receiver immediately qualifying as such by taking the oath of office and entering into and filing an undertaking, with approved sureties, in the sum of six thousand dollars, the amount fixed by the court.

This appeal is brought here by the defendants from the order appointing the receiver.

The complaint discloses that the plaintiff, a resident of Chicago, was the owner of a two thousand acre tract of land in Siskiyou County, this state, and also owned farming implements and other personal property, which were, at the time the copartnership agreement was entered into, situated on said land; that defendants were also the owners of certain farming implements and other personal property suitable for farming purposes; that, by the agreement referred to, the defendants were to take possession of said land, together with the personal property belonging to both parties, and were to operate, farm, and manage said ranch for the mutual interest and benefit of the parties for the period beginning with the first day of June, 1909, and ending on the thirtieth day of September, 1913; that the returns to come from the operation of the ranch by the defendants as a stock and hay ranch should, after the payment of all necessary expenses in conducting the business of the ranch, and of the money used in buying additional stock, tools, implements, etc., and the payment of the principal and interest of any borrowed money or capital used in the business, be divided equally between the parties, either in money or property. It was further agreed that the parties of the second part (defendants) ''shall have the right and privilege of using not to exceed seventy-five dollars per month, during each month, of funds produced hereunder, toward defraying their family expenses, which shall be charged against them and against their interest herein,'' etc.

The complaint alleges that it was mutually stipulated and agreed by the parties to said agreement that the certain personal property heretofore referred to and separately owned by the parties was, as soon as the agreement was signed, to become the joint property of the first and second parties to said agreement and be equally owned by them, half and half, and that any amount due or furnished by the one party over the amount furnished by the other should be considered as money loaned by such party to the coparties, and should draw interest at the rate of six per cent per annum, and should be a first lien against such joint property and payable, principal and interest, from the joint sales of such property, or of the proceeds of the ranch, ''and that among the terms of said agreement, any party thereto contributing any amount in ex-

cess of the amount furnished by the other party should be considered as having loaned the coparties such amount, and same should be treated as above specified." The complaint further alleges that the plaintiff, under the provisions of the said agreement, has received the total sum of $1,520, only, and that, excepting a lot of alfalfa seed of the value of $73.80, he has never received any other or additional amount as his share of the proceeds of the said agreement or the profits derived from the operation of said ranch; that the amount of the advances made by the plaintiff under the said agreement during the life thereof, including interest thereon at the rate of six per cent per annum, is the sum of $3,289.70; that the amount received by the defendants under the provision of the agreement allowing them the privilege of using the sum of $75 per month during each month out of the funds produced on the ranch is the sum of $3,850, and that no portion of said sum has been paid by the defendants, or either of them, to said coparties, "or at all"; that the said agreement and the term of the life thereof expired on the thirtieth day of September, 1913, and prior to the filing of the complaint herein; that the plaintiff, prior to that date, notified the defendants that he desired a full and complete settlement at the expiration of the term of said agreement of all transactions had thereunder, "and at the expiration of said term of said agreement said plaintiff personally requested said defendants and each of them to comply therewith, but said defendants then refused, and ever since said last mentioned date have refused so to do." It is alleged that the defendants have removed from the aforesaid ranch a large portion of the joint property of said parties to the aforesaid agreement, without the consent of the plaintiff, "and said plaintiff is, at this time, without definite knowledge as to the status, on September 30, 1913, or at any time since said last mentioned date, of the business transacted under and in pursuance to the aforesaid agreement; . . . that by reason of the failure, neglect and refusal of said defendants and of each of them to render to said plaintiff the statements and reports contemplated by the aforesaid agreement, said plaintiff is unable to ascertain the true condition of affairs of the respective parties to said agreement on September 30, 1913, or since said date."

It is contended by the defendants that the case made by the complaint, a substantially correct statement of whose aver-

ments is above given, is not sufficient to have authorized the court, under the terms of section 564 of the Code of Civil Procedure, to appoint a receiver to take charge of the property involved in this controversy and to dispose of the same as specified in the order under the directions of the court. This contention assumes, of course, that the order appointing the receiver was wholly predicated on the *ex parte* showing made by the complaint; but we cannot say, from the record before us, that such was the case or that there were not other facts presented to the court in the proceeding than those appearing in the complaint.

There is no bill of exceptions in the transcript on appeal. Embodied in the transcript are the following papers and proceedings only: The complaint; the order appointing a receiver; the oath of the receiver; the bond of that officer; the notice of appeal from the order appointing a receiver; and a stipulation by the attorneys of the respective parties allowing the defendants additional time over that prescribed by law for preparing and serving the transcript on appeal. Embodied in the transcript is also the certificate of the clerk of the court in which he declares that ''the foregoing transcript contains full, true and correct copies'' of the above enumerated documents, papers, proceedings, notice of appeal, stipulation, etc.

It does not appear from the clerk's certificate or otherwise from the transcript that the court, in the appointment of the receiver, acted solely upon or at all considered the disclosures made by the complaint relative to the joint property of the parties or its situation, except in so far as the complaint disclosed that a cause of action existed in favor of the plaintiff and the nature of such action; nor is it made to appear by the transcript whether the court did or did not take oral testimony or receive affidavits or depositions in support of the application. In brief, there is, as stated, no bill of exceptions in the transcript and no record in any other form authorizing a review of the action of the court in appointing a receiver.

The order appointing a receiver itself contains the only information furnished by the transcript of the proceedings directly culminating in the making thereof, and it cannot be determined therefrom upon what evidence or considerations the court founded its order. The preamble of the order recites that ''it appearing to the court from the complaint that there exists a cause of action in favor of said John W. Ulm

against said defendants, Clarence M. Prather and Mary L. Prather, and that there is in existence certain property referred to in said complaint and hereinafter referred to, which is owned jointly by said plaintiff and said defendants, and it *further appearing* that the aforesaid property is in danger of being removed and the rights of said plaintiff therein jeopardized, . . . ," and here follows the order appointing one W. R. Parshall as receiver. Thus it will be noted that, as stated, the order itself does not disclose the nature and extent of the proceedings leading to the making of the order, or what constituted the basis of the court's action in making it.

In the absence of an affirmative showing that the court abused its authority in appointing the receiver, the due regularity of the court's action in that regard will be presumed. In other words, there being no bill of exceptions or other record showing upon what evidence the court based its order, the presumption must be indulged, in support of the order, that the court had before it facts sufficient to justify it in making the order, notwithstanding that the facts which are disclosed by the complaint might not themselves, taken alone, be enough to warrant the appointment of a receiver under section 564 of the Code of Civil Procedure.

But what was said by Chief Justice Sullivan, in the very recent case of *Borges* v. *Dunham,* 169 Cal. 83, [145 Pac. 1011], is peculiarly pertinent to the record before us, and is decisive of this case: "If we consider the appeal as taken under the old method, it is ineffectual for the purposes of review, because it contains no bill of exceptions showing what papers were used or what evidence was introduced on the motion. If we consider the appeal as taken under the provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure, the appeal is abortive, because appellant, after filing notice of appeal, took no further steps under those code sections to procure a record to be used on appeal. For the reasons stated it is impossible with the record before us to review the order appointing the receiver. As the filing of the notice of appeal in the court below, treating the appeal as taken under the new method, conferred jurisdiction upon this court, and as a mere inspection of the record shows that appellant is entitled to no relief, the proper order for this court to make in response to the motion to dismiss is to affirm the order appointing a re-

ceiver. (*Hibernia Savings & Loan Soc.* v. *Doran,* 161 Cal.
118, [118 Pac. 526].)''

It follows from the foregoing that the order appointing the
receiver must be affirmed, and it is so ordered.

Chipman, P. J., and Burnett, J., concurred.