[Civ. No. 1405.    Third Appellate District.—December 11, 1915.]

## JOSEPH F. BORGES, Appellant, v. E. C. HILLMAN et al., Respondents.

ACTION UPON UNDERTAKING ON APPEAL—STAY OF EXECUTION OF ORDER APPOINTING RECEIVER—AFFIRMANCE OF ORDER—RES ADJUDICATA.— In an action brought against the sureties upon an undertaking given to stay the execution of an order appointing a receiver pending an appeal therefrom, the affirmance of the order on appeal is *res adjudicata* as to the authority of the court to appoint the receiver.

ID.—PLEADING—PROPER PARTY PLAINTIFF.—The plaintiff in the main action, and not the receiver, is the proper party to maintain the action upon the undertaking.

ID.—TIME OF COMMENCEMENT OF ACTION.—An action upon such an undertaking is prematurely brought where at the time of its commencement the judgment in the main action has not become final by reason of the fact that the time to appeal therefrom has not expired.

ID.—RECOVERY UPON UNDERTAKING—COSTS ON APPEAL.—The fact that in such an action the plaintiff seeks relief for only the damage alleged to have been suffered by him from the moneys which came into the hands of the defendant in the main action pending the appeal from the order appointing the receiver, does not prevent him from maintaining an action in the proper forum upon the undertaking, in so far as it obligates the sureties to reimburse him for the costs on the appeal from the order appointing the receiver.

ID.—CONSTRUCTION OF UNDERTAKING.—The provision in such an undertaking, so far as it relates to the possession of the land involved and the collection of the rents, issues and profits thereof by the defendant, pending the decision on the appeal from the order appointing a receiver, "that if the said appellant does not make such payment within thirty days after the filing of the *remittitur* from the supreme court of the state of California, to which said appeal is taken, judgment may be entered upon the motion of the respondents, and in their favor, against the undersigned sureties for ·the *said amount of said judgment*, together with interest which may be due thereon, and the damages and costs which may ·be awarded against the appellant on appeal," means, in the absence of any pending appeal the disallowance of which by the appellate court would result in a judgment for any amount of money, that the sureties would not only guarantee the payment of the costs on the appeal from the order, but that, if a final judgment on the merits was eventually obtained by the plaintiff, they would indemnify him against any damage which might result to him by reason of the

fact that, pending the determination of the appeal from the order, the defendant was permitted to remain in possession of the property and to collect and retain the rent thereof.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Clarence N. Riggins, for Appellant.

E. L. Webber, for Respondents.

HART, J.—This action was brought by the plaintiff against the defendants, as sureties upon a bond given to effectuate a stay pending an appeal from an order appointing a receiver made in a certain action wherein the plaintiff here was plaintiff and one Ida J. Dunham was the defendant.

The court sustained the demurrer of the defendants and allowed the plaintiff ten days within which to amend the complaint. The plaintiff declined to amend, and accordingly judgment passed for the defendants.

The plaintiff brings this appeal here from said judgment.

The facts as stated in the complaint are substantially as follows: The plaintiff here instituted an action in the superior court of Napa County against said Ida J. Dunham, for the purpose of obtaining a judgment adjudging and decreeing that he (said plaintiff) was the owner of a certain tract of land, embracing approximately 170 acres, said land being specifically described in the complaint, and that said Dunham "was holding the same, and had been holding said property ever since the 2d day of May, 1908, in trust, for the sole use and benefit of said plaintiff, and for an accounting of the rents and profits derived by her from said land since said date, and for judgment against her for any amount of money found by the court to be due plaintiff on account of said rents and profits derived by her from said lands."

After the filing of the complaint in said action of Borges v. Dunham, viz., on the eighteenth day of June, 1914, and at the trial of said action, but before the completion thereof, an order was made by the court before which it was pending, appointing one Malcolm Brown as receiver in said action to receive the rents, issues, and profits of the real property described

29 Cal. App.—10

in the complaint in said action, and to hold the same during the pendency of said action, subject to the order of the court, and requiring said receiver to execute an undertaking, with two or more sureties, in the sum of five hundred dollars, "to the effect that he would faithfully discharge the duties of receiver in said action, and obey the orders of the court therein."

On the twenty-second day of June, 1914, said Malcolm Brown qualified as such receiver by taking and subscribing the required oath and executing the required undertaking, and said oath and bond were filed in the office of the county clerk on the succeeding day. Brown thereupon entered upon the discharge of his duties as said receiver, "and," so the complaint alleges, "continued therein until the giving of the bond on appeal hereinafter set out, and during the time that he was acting as said receiver, and prior to the giving of said last named bond, said Malcolm Brown collected the sum of $300.00, rents of the real property above described."

On the twenty-third day of July, 1914, said Ida J. Dunham took an appeal from the order appointing said receiver, and for the purpose of securing a stay of the execution of said order, and enabling her to collect the rents and income of and from said real property pending said appeal, and also for the purpose of obtaining an order from said court requiring said receiver to pay and turn over to her (Dunham) all moneys then in his possession and collected by him as such receiver as for rents and income of and from said property during his incumbency in that office, the defendants in this action, E. C. and H. F. Hillman, executed a bond or undertaking, which is in the following language:

"Whereas, the defendant in the above entitled action has appealed to the supreme court of the state of California, from that certain order made and entered into against said defendant in said action, in the said superior court above mentioned, in favor of plaintiff, in which said order one Malcolm Brown was appointed a receiver of the property involved in said action, with full power to collect all of the rents and income from said property, which said order was made and entered into by said court on or about the eighteenth day of June, 1914;

"Now, Therefore, in consideration of the premises and of such appeal, we, the undersigned, E. C. Hillman and H. F.

Hillman, of the said county of Napa, state of California, do hereby jointly and severally undertake and promise, on the part of the said appellant, that the said appellant will pay all damages and costs which may be awarded against her on appeal or on a dismissal thereof, not exceeding three hundred dollars, to which amount we acknowledge ourselves jointly and severally bound; and,

"Whereas, the appellant herein is desirous of collecting the rents, profits, and income from the property involved in the above entitled action, and also of retaining that which has heretofore been collected by the receiver in the above entitled cause, we, the undersigned, residents of the county of Napa, state of California, do in consideration thereof, and of the premises, jointly and severally promise and acknowledge ourselves jointly and severally bound in the sum of one thousand ($1,000.00) dollars, gold coin of the United States, that if the said order appealed from, or any part thereof be affirmed, or the appeal dismissed, or if the said appellant commit or suffer to be committed any waste thereon or in said real property involved in the above cause, that the appellant will pay in United States gold coin a reasonable amount for the value of the use and occupation of the property, together with all rents collected by said appellant during the occupancy of said premises by said appellant, and all damages and costs which may be awarded against the appellant herein upon this appeal. That if the said appellant does not make such payment within 30 days after the filing of the *remittitur* from the supreme court of the state of California, to which said appeal is taken, judgment may be entered upon the motion of the respondents, and in their favor, against the undersigned sureties, for the said amount of said judgment, together with the interest which may be due thereon, and the damages and costs which may be awarded against the appellant on appeal."

Upon the filing of said bond, the court made an order directing and requiring the receiver to turn over to said Dunham (the appellant in said action) all moneys in his possession as such receiver and so collected by him as rent growing out of said real property since his appointment as receiver, and further "instructing said receiver to refrain from collecting any further rents from said real property pending said appeal from said order, and the said appellant thereafter, and in consideration of the giving of said bond, collected the rents

of said real property pending the final determination of said appeal, and prior to the making and entry of the judgment in said action as hereinafter alleged, and in consequence and consideration of the giving of said bond by these defendants, the said receiver paid to said appellant the sum of $239.00 collected by him as rent of said real property since his appointment as said receiver, and the said appellant collected additional rents of said real property in the total sum, as plaintiff is informed and therefore alleges, of $600.00, making $839.00 in all.''

On the eleventh day of November, 1914, the action of the plaintiff here against Ida J. Dunham having been tried, judgment was rendered and entered adjudging that, since the second day of May, 1908, said Dunham held ''and is holding'' the land in dispute in trust, for the sole use and benefit of the said plaintiff, and awarding to the said plaintiff against said Dunham the sum of $2,379.62, on account of rents, issues, and profits coming into her possession from said real property, said sum including ''the $239.00 so paid to Ida J. Dunham by said receiver and $300.00 of the $600.00 collected by her pending said appeal from said order appointing a receiver as above alleged.''

''Thereafter, and on the 29th day of December, 1914, a judgment was duly made and entered in the supreme court of the state of California in the matter of said appeal from said order appointing said receiver, whereby said order was affirmed, and that the *remittitur* thereon was thereafter issued by the clerk of said supreme court, and was filed in the above entitled superior court on the first day of February, 1915.''

The demurrer objected to the complaint upon the grounds of misjoinder of parties defendant, the alleged incapacity of the plaintiff to maintain this action, that the court has no jurisdiction of the persons of the defendants, nor the subject of this action, for certain specified reasons, that the complaint is uncertain in specified particulars, and that there is a nonjoinder of parties defendant in that Malcolm Brown, as receiver, ''is not made a party plaintiff to this action.''

Among the specific points made by the respondents in support of the judgment is that the court was without authority to appoint a receiver in the action of Borges v. Dunham, and that, therefore, the appellant cannot maintain the present action, because, as counsel states the proposition, ''the order ap-

pointing a receiver was-void and being void the bond must fail.'' But a review of this question by this court in this action is foreclosed by the decision of the supreme court affirming the order appointing the receiver concerned here. (*Borges* v. *Dunham,* 169 Cal. 83, [145 Pac. 1011].) While it is true that the record on appeal from said order was such as to preclude a review of the merits of the action of the court in making it, and the decision was, therefore, made to rest on the legal presumption of the due regularity of the proceeding culminating in the making of the order, yet the affirmance of the order involves a conclusive determination of the question, and is consequently *res adjudicata.*

The defendants further contend, however, that the plaintiff has no capacity to maintain this action, and that the same was prematurely brought. The first of these objections to the action is founded upon the proposition that the judgment in the main action not having become final at the time the present action was instituted, and the court not having discharged the receiver, the latter is the proper and necessary party to bring and maintain this action, inasmuch as he is entitled, under the order appointing him the receiver, to the exclusive possession and custody of all the rents, issues, and profits accruing from the property in dispute in said action from the time he was so appointed.

But we are unable to perceive how the receiver may be held to be authorized to maintain an action on the undertaking here declared upon. The undertaking does not run to the receiver, but to the plaintiff. The action on the undertaking is not one to recover moneys from Mrs. Dunham, the defendant in the main action and the appellant from the order appointing a receiver; but its purpose is to recover for any damage resulting from the possession of the property and the collection of its rents, issues, and profits by Mrs. Dunham, and against which damage the defendants here undertook by their bond to indemnify the plaintiff. We cannot perceive wherein the receiver could claim any damage against the defendants here by reason of their undertaking.

We are of the opinion, however, that the point made by the defendants that this action was prematurely commenced is well taken.

This action was commenced on the twenty-fifth day of March, 1915, but at that time the judgment in the main action

had not become final, said judgment having been entered on the eleventh day of November, and, while it has not been made to appear whether or not an appeal has been taken therefrom, the right to appeal therefrom nevertheless existed for the period of six months from the time of the entry thereof, or, to be more specific, the time within which the defendant in said action was legally authorized to appeal from the judgment therein entered against her did not expire until the twelfth day of May, 1915. (Code Civ. Proc., sec. 939.) It follows that said action, within the contemplation of section 1049 of the Code of Civil Procedure, was still pending, after the entry of judgment therein, for at least the period of six months. The section just referred to provides: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

It is obvious that a judgment rendered and entered in an action cannot become final so long as the action is pending within the meaning of the foregoing section. (See *Naftzger* v. *Gregg,* 99 Cal. 83, [37 Am. St. Rep. 23, 33 Pac. 757]; *In re Blythe's Estate,* 99 Cal. 472, [34 Pac. 108]; *Story* v. *Story & I. Commercial Co.,* 100 Cal. 41, [34 Pac. 675]; *Brown* v. *Campbell,* 100 Cal. 635, 646, [38 Am. St. Rep. 314, 35 Pac. 433].)

Now, the bond upon which the present action is founded, it will be noted, imposes upon the defendants two several and distinct obligations, viz.: The one whereby they have bound themselves in the sum of three hundred dollars to indemnify the plaintiff in this action for the *costs on appeal,* and the other, whereby they have bound themselves in the sum of one thousand dollars to hold the plaintiff free from loss, in the event that he should obtain judgment in the main action against the defendant therein, by reason of the moneys collected by the latter pending the appeal from the order as rents, issues, and profits growing out of the land. Whether this view of the undertaking be correct or not must depend, of course, upon the intention of the sureties, and this proposition must in turn be determined by a construction of the instrument.

While the relief asked by the plaintiff in this action is confined or limited by the complaint to the damage alleged to have been suffered by the plaintiff by reason of the rents, etc., coming into the hands of Mrs. Dunham pending the appeal

from the order appointing a receiver, we may, nevertheless, express the opinion that the plaintiff is entitled to maintain an action in the proper forum upon the undertaking in so far as it obligates the defendants (sureties) to reimburse him for the costs on the appeal from said order. The receiver was appointed upon the application of the plaintiff, and, in the absence of a showing of an abuse of authority by the court in making the order of appointment, the presumption is that the appointment of a receiver was in all respects proper. The plaintiff was required, of course, to defend, on the appeal from the order appointing the receiver, the action of the trial court in that regard. He was necessarily the respondent in that appeal and, said order having been affirmed on appeal, he is entitled to be reimbursed by the appealing party—the party vanquished on the appeal—for the necessary or legal costs incurred by him in so defending the order.

But, as stated, our conclusion is that this action upon that part of the undertaking referred to is premature, or, in other words, that the plaintiff was not, at the time of the commencement of the present action, legally authorized to maintain it. The conclusion thus declared is inspired by the conviction, based upon a construction of the undertaking by the light of all the circumstances surrounding its execution, that it was not the intention that the obligation of the undertaking upon which the plaintiff wholly relies for a recovery was to be discharged until there had been a judgment entered in favor of the plaintiff *and the same had become final.*

At the time of the execution of the undertaking the trial on the merits had not been completed, and consequently no judgment entered for the plaintiff. The issue submitted by the plaintiff by his complaint was whether the legal title to the land in dispute had been and was held by the defendant in trust for his benefit. The defendant answered the complaint denying specifically its allegations, and with her answer filed a cross-complaint in which she prayed for a decree quieting her title to the property described in the complaint. After issue joined, the plaintiff, upon notice duly given, applied to the trial court for an order for the appointment of a receiver to receive the rents, issues, and profits of the real property in controversy. The time for hearing the application was fixed for the day on which the action had been set down for trial, and, after taking some testimony, the court made

the order appointing a receiver. (*Borges* v. *Dunham,* 169 Cal. 83, [145 Pac. 1011].) The question then at issue at the time the order for the appointment of a receiver was made, was whether the plaintiff was entitled to a cancellation of his deed to the property to the defendant and the property declared to be held in trust by the latter for the benefit of the former, or whether both the legal and equitable title to the property was in the defendant and she entitled to a decree quieting said title. It hence follows that the plaintiff, at the time of the appointment of the receiver and at the time of the execution of the undertaking, was not entitled to the possession of the property, nor to the rents, issues, and profits thereof.

Now, it will be noted that the undertaking, so far as it relates to the possession of the land and the collection of the rents, issues, and profits thereof by Mrs. Dunham, pending the decision on the appeal from the order appointing the receiver, provided, among other things, as follows: "That if the said appellant does not make such payment within 30 days after the filing of the *remittitur* from the supreme court of the state of California, to which said appeal is taken, judgment may be entered upon the motion of the respondents, and in their favor, against the undersigned sureties for the *said amount of said judgment,* together with interest which may be due thereon, and the damages and costs which may be awarded against the appellant on appeal."

The meaning of the foregoing language is, it must be conceded, very obscure; but, considering that, at the time of the execution of the undertaking, there was pending no appeal the disallowance of which by the supreme or appellate court would result in a judgment for any amount of money or a money judgment of any sort, we take it that what the sureties meant by that language is this: That they would not only guarantee the payment of the costs on appeal from the order appointing a receiver, but that, if a final judgment on the merits was eventually obtained by the plaintiff, they would indemnify him against any damage which might result to him by reason of the fact that, pending the determination of the appeal from the order, the defendant, Mrs. Dunham, was permitted to remain in possession of the property and to collect and retain the rents, issues, and profits thereof. This, it appears to us, is the correct interpretation of the language of

the undertaking, above quoted, and of the intention of the sureties; for the only appeal actually pending when the undertaking was made and delivered was the appeal from the order appointing a receiver, and obviously there could result from said appeal no judgment other than one affirming or reversing the order, except in so far as the awarding of costs on said appeal may be treated as a judgment for an amount of money, and this we do not think can be truly said to be the case. Besides, as to the costs on said appeal, the undertaking, as before suggested, makes a separate and distinct provision.

The demurrer was, in our opinion, properly sustained, and the judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.