[Civ. No. 2217. Third Appellate District.—February 14, 1921.]

JOSEPH F. BORGES, Respondent, v. E. C. HILLMAN et al., Appellants.

[1] SURETIES—ACTION UPON UNDERTAKING ON APPEAL—TIME OF COMMENCEMENT.—An action against the sureties upon an undertaking given to stay the execution of an order appointing a receiver pending an appeal therefrom will not lie until the original judgment has become final and an action brought in thirty-one days thereafter is not barred by the statute of limitations.

APPEAL from a judgment of the Superior Court of Napa County. H. C. Gesford, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. L. Webber for Appellants.

Clarence N. Riggins for Respondent.

BURNETT, J.—The suit was upon an undertaking executed by defendants. Therein they guaranteed the payment of the costs on appeal from an order appointing a receiver in an action brought by Joseph F. Borges against Ida J. Dunham to have it decreed that said plaintiff was the owner of a certain tract of land comprising 170 acres, and that said defendant held the same in trust for the use and benefit of said Borges, and to recover the rents and profits of said land. In said undertaking the sureties also made themselves liable for the payment by said Dunham of said rents and profits, limiting, however, their responsibility for both purposes to the sum of $1,000. The judgment was in favor of plaintiff for the sum of $839, from which the appeal has been taken. A similar action was brought in 1915, and it was claimed by defendants, among other things, that it was premature, since the judgment in the original action had not become final. This view was adopted by the trial court and the judgment was affirmed herein. The said original judgment became final, by virtue of the action of the supreme court in dismissing the appeal October 13, 1919. Thirty-one days thereafter this action was brought

and resulted as we have stated. The facts are fully set forth and the validity of said undertaking upheld in the decision of this court, speaking through Justice Hart in *Borges* v. *Hillman*, 29 Cal. App. 144, [154 Pac. 1075]. That decision is virtually determinative of this appeal, and only brief consideration is required of two or three additional points made by appellants.

[1] The contention that the action is barred by the statute of limitations is virtually answered by said decision of this court. It being held therein that the action against the sureties would not lie until the original judgment became final and this suit having been brought in thirty-one days thereafter, manifestly there is no merit in this claim.

It appears that the only issue of fact involved in the trial was as to the amount of rent received from the tenant by Ida J. Dunham. As to this the evidence was abundantly sufficient to support the finding of the trial court. Specific attention is called to said testimony in the brief of respondent and no reply is made thereto by appellants.

However, complaint is made of the action of the court in overruling an objection to some of the evidence offered to show the amount collected. It seems that one Panizza, who was the tenant of the premises, died while still living on the place covered by the lease, and the attorney for the administrator was asked if he made any search among the papers of the deceased to ascertain if there were therein any receipts for rent from the said Ida J. Dunham. The inquiry was entirely proper. If he had found any such purported receipt the evidence would have been followed, no doubt, by a showing, or an attempt to show, that it was executed by said Dunham. This, of course, would have been evidence that she had received the money. The witness answered that he diligently searched among the effects of the deceased but found no such paper. His answer was thereupon used as furnishing the foundation for testimony on the part of the attorney for plaintiff that he had seen in the possession of said tenant a receipt from said Ida J. Dunham for the sum of $300. The trial court was justified in concluding that said receipt was given but had been lost. Indeed, the explanation of said attorney for plaintiff in giving his testimony made it clear why no particular effort was made to preserve said receipt.

There seems to be no valid objection to the action of the court in admitting the lease in evidence. It was for the purpose of showing what was due from the tenant. This would constitute a circumstance tending to show how much rent was collected.

The most that could be said against it is that it was unnecessary, but assuredly it could not have prejudiced the defendants.

Appellants seem to be of the opinion that the evidence as to how much rent was collected by the said Ida J. Dunham was not admissible, since she was not a party to this action. But it is apparent that the obligation of defendants rested upon that circumstance and it is difficult to understand how the extent of the liability of appellants could have been determined without evidence of said collection.

We find no substantial merit in the appeal. In fact, our former decision leaves little to be said.

The judgment is affirmed.

Prewett, P. J., *pro tem.*, and Hart, J., concurred.