[Civ. No. 5056.   First Appellate District, Division Two.—February 13, 1925.]

GEORGE A. IVES, Petitioner, v. INDUSTRIAL ACCI-DENT COMMISSION OF THE STATE OF CALI-FORNIA and OCEAN ACCIDENT & GUARANTEE CORPORATION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—COMPROMISE OF ACTION AGAINST THIRD PARTIES—INSURANCE CARRIER CREDITED WITH PAYMENT OF AWARD—JURISDICTION.—Where an employee, who had brought suit against third parties for injuries received by him while working, in which suit an insurance carrier for an employer joined as a party plaintiff, entered into a purported agreement of compromise of said suit with said third parties, the Industrial Accident Commission, regardless of the validity or invalidity of said purported compromise agreement, did not exceed its powers in crediting the insurance carrier with payment in full of its share of a supplemental award which had been rendered by the Commission in favor of the employee, there being no question as to the correctness of the amounts involved.

(1) Workmen's Compensation Acts, C. J., p. 141, n. 10 New.

PROCEEDING on Certiorari to review an order of the Industrial Accident Commission crediting an insurance carrier with payment of award.   Award affirmed.

The facts are stated in the opinion of the court.

Ernest A. Clausen for Petitioner.

Warren H. Pillsbury for Respondent Industrial Accident Commission.

Redman & Alexander and R. P. Wisecarver for Other Respondents.

STURTEVANT, J.—This is an application for a writ of review directed against the Industrial Accident Commission. On the fifteenth day of January, 1923, George A. Ives was engaged in grading and building a new road. He was in the general employment of Costello & Ritchie and in the special employment of J. P. Holland. While engaged in his employment he was riding on a tractor. Costello & Ritchie were insured by the Ocean Accident and Guarantee Corporation. While so riding on the tractor a truck operated by the San Francisco Motor Drayage Company ran into the tractor on which Ives was riding and injured him. At the time of the accident mentioned J. P. Holland was insured by the General Accident Fire and Life Assurance Corporation. On the second day of March, 1923, Ives filed his application for adjustment of his claim under the Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, p. 831). Thereafter the Commission made an award against the Ocean Accident and Guarantee Corporation and against the General Accident Fire and Life Assurance Corporation; thereafter it made a supplemental award against the same corporations, and thereafter it made a second supplemental award for permanent disability against said corporations, and each of them, in the sum of $2,687.07, payable at the rate of $20.83 a week beginning as of January 23, 1923, for 129 weeks until the whole of said amount shall have been paid, and that the Ocean Accident and Guarantee Corporation, Ltd., and General Accident Fire and Life Assurance Corporation, Ltd., be credited with all compensation theretofore paid by them on account of temporary disability.

On the twenty-seventh day of April, 1923, Ives commenced an action in the superior court against the San Francisco Motor Drayage Company et al., in which suit Ives sought to recover damages from the defendants therein for the injuries sustained by him and which injuries are the

same as those hereinabove referred to. On January 18, 1924, the Ocean Accident and Guarantee Corporation joined in said suit as a party plaintiff. Thereafter Ives, as the plaintiff in said action, entered into a purported compromise agreement with the defendants in said action by the terms of which he attempted to release said defendants from all liability for the sum of $1,727.35. At the same time defendants in said action paid to the General Accident Fire and Life Assurance Corporation the sum of $872.65 and tendered a like sum to the Ocean Accident and Guarantee Corporation, Ltd., but it refused to accept the tender; the total payments made or tendered being $3,472.65. On the twenty-sixth day of May, 1924, the Ocean Accident and Guarantee Corporation filed with the Commission an application for a rehearing and set up the purported compromise as newly discovered evidence and asked for relief. Later a rehearing was granted and the Commission made a supplemental award purporting to amend its award of May 14, 1924, so that the same among other things, provided: "It is further ordered that defendant Ocean Accident and Guarantee Corporation be, and it is hereby credited with payment in full of its share of the supplemental award entered herein on May 14, 1924." **[1]** The petitioner does not challenge the figures as being incorrect, but the exact attack made by the petitioner is "that in making said amended supplemental award of September, 1924, in so far as it credits Ocean Accident and Guarantee Corporation, Ltd., with payment in full or in part of its share of the supplemental award made by the Commission of May 14, 1924, the Industrial Accident Commission acted without and in excess of its powers. . . . " Elaborating his contention in his brief, the petitioner says: "It is conceded that the settlement made by the petitioner in full satisfaction of his claim in said action was without the written consent of either the Commission or the court in which such action is pending. If, therefore, for that reason said settlement was invalid as provided by section 26 of said Act, the Ocean Accident and Guarantee Corporation, which is now the sole plaintiff in such action, can proceed to trial and none of the defendants in such action can avail himself of the defense that one of

the plaintiffs, to-wit, the petitioner, had compromised his claim and dismissed the action as to him, such settlement being declared invalid by section 26 of said Act.''

As we view the rights of the parties it seems to be unnecessary to determine whether the purported compromise was valid or invalid. It was one or the other. Let us suppose that it was valid and that this petitioner received the sum of $3,472.65 and now holds the same. Then, and in that event, it is provided by statute '' . . . The court shall, on application, allow as a first lien against any judgment recovered by the employee the amount of the employer's expenditures for compensation. . . . '' (Sec. 26, Workmen's Compensation Act [Stats. 1919, p. 920].) And it is also provided that an insurance carrier under the facts above recited ''shall be subrogated to all the rights and duties of such employer and may enforce any such rights of its own name.'' (Sec. 30, subd. f, Workmen's Compensation Act.) From a comparison of the awards and the compromise it will be noted that the employer and the insurance carrier, under the foregoing statutes, would be entitled to be wholly reimbursed under their first lien. Let us assume, on the other hand, that the compromise was not in the form of a judgment, and that it was made without the consent of the Commission and without the consent of the court. No reason appears why the employers, or the insurance carriers, might not waive the irregularity and assert their rights against the moneys received under such circumstances, but every reason appears why they should be entitled to assert their rights. Whether the settlement was made in the statutory mode or otherwise is a question in which the tort-feasor may be greatly interested but in which the employer or his insurance carrier has no concern.

The manner in which the Commission handled the compromise seems to have been in every respect according to approved forms and procedure. No statutory provision has been cited to us prescribing the particular form of procedure for the purpose of disposing of such a question, but it is provided ''The Commission shall have full power and authority: (1) To adopt reasonable and proper rules of practice and procedure. . . . '' (Sec. 57, Workmen's Com-

pensation Act.) To us it seems clear that the rule of practice and procedure followed in this instance was reasonable. The award is affirmed.

Langdon, P. J., and Nourse, J., concurred.