[Civ. No. 5320.  First Appellate District, Division One.—May 3, 1926.]

MILTON MORRIS, Respondent, v. STANDARD OIL COMPANY (a Corporation), Defendant; THE OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED, OF LONDON, ENGLAND, Appellant.

[1] WORKMEN'S COMPENSATION ACT—EXPENDITURE FOR MEDICAL AND HOSPITAL TREATMENT—LIEN AGAINST JUDGMENT—WAIVER—ESTOPPEL.—Where the compensation carrier for plaintiff's employer was also the insurance carrier for defendant, and said carrier, prior to the trial of the action for damages for personal injuries suffered by reason of defendant's negligence, while plaintiff was performing duties as an employee, took a position and so conducted itself as to lead plaintiff to believe that said carrier would waive

---

1.  See 27 Cal. Jur. 275.

its claim of lien under section 26 and subdivision F of section 30 of the Workmen's Compensation Act, and thereupon plaintiff, acting upon such belief, made no demand in his pleading or in the presentation of his evidence for medical and hospital treatment furnished by said carrier, and, in apparent confirmation of such waiver, said carrier caused instructions to be given to the jury which completely excluded the matter of those expenditures from any consideration in the case, and the entire amount of the judgment was rendered as compensation for damages accruing exclusively to plaintiff, said carrier is estopped from claiming any lien against said judgment for the medical and hospital treatment furnished by it on behalf of the employer.

(1) Workmen's Compensation Acts, **C. J.**, p. 141, n. 10 New.

APPEAL from an order of the Superior Court of Imperial County denying a lien under section 26 of the Workmen's Compensation Act. M. W. Conkling, Judge. Affirmed.

The facts are stated in the opinion of the court.

Redman & Alexander, Hubert Starr and V. N. Thompson for Appellant.

A. L. Hubbell for Respondent.

KNIGHT, J.—The appellant herein, the Ocean Accident & Guarantee Corporation, hereinafter referred to as petitioner, has appealed from an adverse order made in a proceeding instituted by it under section 26 of the Workmen's Compensation Act of 1917, as amended in 1919 (Stats. 1919, p. 920), to establish a lien against a judgment for damages theretofore recovered by plaintiff Milton Morris against the defendant Standard Oil Company as a result of personal injuries sustained by plaintiff through the negligent acts of one of the defendant's employees. The lien sought was founded upon certain payments previously made by petitioner as insurance carrier for medical treatment of plaintiff.

[1] The following facts are not disputed: In September, 1920, plaintiff, who was then thirteen years of age, while performing duties as an employee of a newspaper publishing company in Calexico, California, was struck and injured by one of defendant's trucks. The petitioner was the com-

pensation carrier for the publishing company and also the insurance carrier for defendant, and as compensation carrier for the publishing company furnished plaintiff with the necessary medical, surgical, and hospital treatment and paid him compensation. In January of the following year plaintiff's attorney notified petitioner by letter of plaintiff's intention to commence a damage suit against defendant, and asking petitioner whether it desired to have included in the demand for damages the expenditures incurred by petitioner in caring for plaintiff, amounting, as said attorney stated he had been informed, to $1,200 or $1,500. Petitioner replied that as insurer for defendant it intended to "take up the defense" of the proposed action against defendant, and as compensation carrier for the publishing company would be entitled to reimbursement under section 26 of the act above mentioned for all expenses incurred in connection with plaintiff's injuries. Petitioner further stated that in its opinion the driver of defendant's truck had not been negligent. About ten days after the receipt of that letter plaintiff's attorney again wrote to petitioner stating that he was familiar with the section of the act mentioned by petitioner, and that as soon as the defendant appeared in the action he would amend his complaint so as to include as additional elements of damages the expenditures incurred by the petitioner in caring for plaintiff, and he requested that petitioner advise him at once of the amount of those expenditures. He further stated that inasmuch as petitioner would be liable for any judgment obtained against defendant, the situation regarding said expenditures would be simplified if plaintiff were released from any liability to his employer for such expenditures and that thereby the issues which would be tried by the jury would be confined to the questions of negligence and the amount of damages "for physical suffering and mental anguish"; but that if petitioner was not inclined to execute such release, to "please furnish the figures asked for," so that the same might be included in the proposed amended complaint. Petitioner ignored this letter, and on April 5, 1921, said attorney again wrote as follows: "On Jan. 2d, 1921, I made demand on you for expenses incurred or to be incurred in this matter that the same might be included in the pleadings, but you ignored the demand. The case is set for trial on April

14th, and if you intend to make any claim on the judgment obtained under section 26 of the Workmen's Compensation Act this is to demand that you furnish me figures and items at once for amended pleading, and that you have evidence at the trial to prove the items; *otherwise it will be considered that you have waived any claim. . . .*"    (Italics ours.)

Petitioner made no reply to this letter, and therefore said attorney, evidently believing that petitioner had decided to waive all claim against any judgment plaintiff might obtain, did not plead in his demand for damages any of the expenses incurred by petitioner for plaintiff's medical or hospital treatment, nor did he offer any evidence to prove the same at the trial.    As further indication of petitioner's waiver of its claim under the section of the act above mentioned, petitioner in defending said action proposed and caused to be given to the jury an instruction as follows: "You are instructed that in determining the amount of damages to be awarded to plaintiff, if any, you must not consider or make any allowance for any medical treatment, care or hospital expenses that may have been incurred or paid in caring for and treating the injuries claimed to have been sustained by the plaintiff.    Such expense for care, medical treatment and hospital expenses are no part of the plaintiff's case and are matters to be adjusted in other and separate proceedings from this.    You must allow plaintiff nothing on that account and must limit your award entirely to compensation for physical injuries, detriment and loss of capacity sustained by plaintiff without any allowance to him for any supposed or rendered medical treatment, hospital expenses or care.    You are instructed that the father is not a party to this action, but is a guardian *ad litem* only, and you must not allow anything for medical or hospital treatment or care to the boy, Milton Morris, because the father's name appears in the title of this case."

A verdict was rendered for plaintiff for the sum of $25,000.    Defendant appealed and the judgment was affirmed as to the issue of negligence, but reversed and the cause remanded for new trial upon the question of damages, the court on appeal holding the damages to be excessive.    (*Morris* v. *Standard Oil Co.*, 188 Cal. 468 [205 Pac. 1073].)    The second trial resulted also in a verdict in plaintiff's favor for the sum of $25,000, but on motion

for a new trial the amount of the judgment was reduced by the court to $12,000. Upon appeal taken by defendant, the judgment was affirmed. (*Morris* v. *Standard Oil Co.,* 192 Cal. 343 [30 A. L. R. 1103, 219 Pac. 998].) During the pendency of the second appeal the Industrial Accident Commission adjusted the compensation claim of plaintiff by awarding him the sum of $800.64, part of which had already been paid. Thereafter, and. prior to the affirmance of the second judgment, petitioner instituted this proceeding to establish a lien against plaintiff's judgment to secure the payment of the sum of $2,309.79, part of which, to wit, the sum of $1,509.15, represented the total amount it had expended for plaintiff's medical, surgical, and hospital expenses, and the ₁ remaining portion, $800.64, represented the amount paid to plaintiff as compensation. The order of the trial court was that the petition to establish the lien for the item of $1,509.15 be denied, but that the petitioner be allowed a lien to cover the amount paid for compensation upon the assignment to plaintiff by petitioner of the latter's cause of action against defendant for the amount of said compensation. Subsequently such an assignment was executed and it afterward became the subject of a separate action and appeal between plaintiff and defendant. The present appeal relates only to that portion of the trial court's order denying the lien for the amount paid for plaintiff's medical and hospital treatment.

Section 26 of the Workmen's Compensation Act, upon which petitioner bases its claim for a lien, provides in part that where the employee alone prosecutes the suit for damages against the tort-feasor, evidence of the amount of the disability indemnity paid by the employer shall not be admissible in evidence, but that proof of all other expenditures on account of the injuries may be established and be deemed part of the damages suffered. It further provided that "The court shall on application, allow as a first lien against any judgment recovered by the employee the amount of the employer's expenditures for compensation," which includes expenditures for doctors, nurses, medicines, hospital care, and other items connected with the treatment of the injured employee. Subdivision F of section 30 of the same act (Stats. 1917, p. 860), provides that where the employer is insured against liability for compensation and the in-

surance carrier shall have paid said expenses, the insurance carrier shall be subrogated to the rights and duties of the employer and may enforce such rights in its own name.

The provisions of the act mentioned were doubtless designed to enable the employer or the insurance carrier, as the case may be, who has paid the expenses connected with the treatment of an injured employee, to recover the same through the suit instituted and maintained by the employee against the party causing the injury, and to provide a method whereby the employer or the insurance carrier may be protected in the collection of those expenditures out of any judgment obtained by the employee. But the evidence here shows beyond question that owing to the position taken by petitioner prior to and during the trial of the action plainly indicating an intention to waive any right to afterward collect said expenditures from any judgment which might be obtained by plaintiff, the matter of those expenditures was excluded entirely from the issues of the case and from the consideration of the jury. In fact, petitioner concedes that the same were not sued for by plaintiff, nor were they included in the verdict or the judgment obtained by him. Under these circumstances it would be grossly unjust to require respondent to pay said expenses out of a judgment, the entire amount of which was rendered as compensation for damages accruing exclusively to him; and any lien that would be allowed in view of the facts stated would be based manifestly upon a false claim against plaintiff. It may be fairly inferred from the situation confronting petitioner before trial that the reasons underlying petitioner's desire to exclude the matter of said expenditures from the case were that if a judgment were recovered by plaintiff, petitioner, to the extent of those expenses, would be in effect both judgment creditor and judgment debtor, and consequently would be required to satisfy, with its own money, a judgment in its favor obtained against itself and after all be not reimbursed for the amount of said expenses. The peculiar situation brought about by the fact that petitioner was the insurer of both plaintiff's employer and the defendant serves as no reason why plaintiff as an insured employee should be charged with and required to pay the expenses of his injury, which petitioner, under its contract with plaintiff's employer, was obligated to assume.

Moreover, we believe that under the circumstances shown by the evidence already narrated, petitioner by its acts and conduct must be held to have waived its right to any lien it may have otherwise been entitled to under the statute. Subdivision 3 of section 1962 of the Code of Civil Procedure provides: "Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it."

The conceded facts here are that after two unsuccessful attempts by plaintiff to obtain from the petitioner the items and amounts of said expenditures for the declared purpose of recovering the same from the party causing the injury, petitioner was finally notified that unless it furnished said items it would be considered that it "waived any claim" which it might make against the judgment under said section 26 of said act. The omission of petitioner under those circumstances to reply to that letter may be reasonably said to have led plaintiff to believe that it would waive such claim, and thereupon plaintiff, acting upon such belief, made no demand in his pleading or in the presentation of his evidence for those expenditures; and furthermore, in confirmation of such apparent waiver, petitioner caused instructions to be given to the jury which completely excluded the matter of those expenditures from any further consideration in the case. For these reasons stated we are of the opinion that under the code section last quoted appellant is now estopped from claiming such lien.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 1, 1926.