[S. F. No. 13796. In Bank.—April 30, 1931.]

FRANK JACOBSEN (a Minor), etc., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, etc., and POSTAL TELEGRAPH CABLE COMPANY (a Corporation), Respondents.

P. O. Solon for Petitioner.

Edward O. Allen, Willard P. Smith, Wm. L. Southwell and R. P. Wisecarver for Respondents.

Bronson, Bronson & Slaven, B. E. Pemberton, W. J. O'Connor and Henry G. Sanford, *Amici Curiae.*

SHENK, J.—Petition to review and annul an award of the Industrial Accident Commission.

On September 5, 1928, Frank George Jacobsen, the petitioner, aged seventeen, while employed as a telegraph messenger at Berkeley by the respondent corporation, sustained injury occurring in the course and arising out of his employment, when he was struck by a truck of the Ariss-Knapp Company. The injury consisted of compound fractures of the right ankle and the right arm. The respondent employer was in nowise at fault in the commission of the injury, but recognizing its liability as an employer, and being self-insured, provided medical attention and paid a

certain amount of compensation for disability, expending a total of $2,930.39.

The injured boy did not file an application for compensation with the respondent Commission, but on November 8, 1928, through his duly appointed guardian, commenced an action in the Superior Court in and for Alameda County against the Ariss-Knapp Company as a third party tortfeasor. Pursuant to section 26 of the Workmen's Compensation Act (Stats. 1927, p. 1213), notice of the suit was given to the respondent employer. On February 2, 1929, the employer filed in the court action, pursuant to said section 26, its claim of lien against any judgment to be rendered in said action to the extent of its expenditures in said sum of $2,930.39. On June 10, 1929, the guardian filed in the superior court a petition to compromise the claim of the minor, for an approval of the amount agreed upon and for an order fixing the fees of the plaintiff's attorney. In that petition the amount of the compromise judgment requested to be entered was $8,500 and it was prayed that out of that sum the court order said sum of $2,930.39 to be paid to the Postal Telegraph Cable Company, the further sum of $1569.61 to the plaintiff's attorney as and for his attorney fees, and the balance of $4,000 to the guardian of the minor. On the same day, June 10, 1929, a stipulation for judgment was filed in said action signed by the plaintiff's attorney, by the attorneys for the defendants in said action and by the attorneys for the Postal Telegraph Cable Company, lien claimant. In this stipulation it was agreed that a judgment would be entered in favor of the plaintiff in the sum of $8,500 "of which said sum the sum of $2,930.39 shall be paid to said lien claimant, and the remainder, to-wit: $5,569.61, shall be paid to Anna Jacobsen, guardian *ad litem* and general guardian of said plaintiff, Frank George Jacobsen, a minor". Thereafter and on the same day the court entered an order directing judgment to be entered pursuant to the stipulation, and further ordered that out of the funds to be paid to the plaintiff in satisfaction of the judgment the sum of $1569.61 be paid to the plaintiff's attorney. On the same day the attorney for the plaintiff and the attorneys for the telegraph company signed a satisfaction of judgment in consideration of the payment of $5,569.61 to the guardian and $2,930.39 to the lien claim-

ant. The latter sum was paid, whereupon, on June 14, 1929, the corporation, by its authorized agent, signed a receipt acknowledging the payment, by the plaintiff's attorney, of the amount of the lien, expressly setting forth in the receipt that it is understood and agreed that the guardian consented to said payment only upon the express representations made by the attorney for said corporation that said sum of $2,930.39 was actually paid out by said corporation as and for medical expenses and compensation, payable under the Workmen's Compensation Act.

Thereafter on June 17, 1929, the respondent corporation filed with the Industrial Accident Commission an application for adjustment of claim entitled "Frank Jacobsen v. Postal Telegraph Cable Co.", wherein the circumstances of the accident and injuries to the minor, etc., were set forth with the request that a time and place be fixed for a hearing; that notice be given, and an award be made, granting to the parties such relief as they might be entitled to. The hearing was had on July 16, 1929, at which the telegraph company sought an order requiring that the $4,000 paid to the guardian in satisfaction of said judgment be applied to whatever amount the company might thereafter be compelled to pay to the minor as compensation. A continuance was taken to September 6th, at which time the petitioner was not present nor represented. On October 3, 1929, the Commission made its findings and award wherein it found that the injury caused temporary and total disability continuing from the date of the injury and indefinitely thereafter entitling the employee to $11.12 a week. It then found "that in the superior court action the employee had recovered the sum of $8,500 against said compensation benefits now due and/or becoming due at any future time by said Postal Telegraph Cable Company to defendant Frank Jacobsen by reason of the injuries for which award herein is made". The award was then made "in favor of the employee against the employer of all compensation benefits to which the employee is entitled or may become entitled under the aforesaid act in excess of $8,500".

The petitioner filed a petition for rehearing on the grounds, among others, that the Commission acted without and in excess of its powers and that by reason of the proceedings taken in the superior court and thereafter the re-

spondent corporation waived its rights in the premises, if it had any, and by reason of its conduct was estopped from claiming credit on account of the money·paid to the minor pursuant to said judgment.

The respondent Commission at once concedes that the item of $2,930.39 theretofore paid to the employer and the item of $1561.61 paid to the petitioner's attorney, as part of the cost of collection, should not be again deducted. There can be no question of the rightfulness of this concession. The controversy is therefore narrowed to the legality of the order of the Commission directing that the balance of $4,000 be credited to the employer on the compensation thereafter to be paid. This question is to be determined by ·the proper construction of that portion of section 26 of the Workmen's Compensation Act which deals with the rights of the employer when the employee recovers judgment against a third party tort-feasor, together with other provisions of the act.

Prior to the enactment of said section 26, the act of 1913, in section 31 thereof (Stats. 1913, p. 295), provided that the making of any lawful claim against the employer for compensation under that act should operate as an assignment to the employer of any right to recover damages which the employee might have against third persons "and such employer shall be subrogated to any such right and may enforce in his own name the legal liability of such other party". In the event the employer should recover more than that for which he was liable the excess was to be paid to the injured employee or other person entitled. The employee was not given the right to sue. In 1917 said section 31 of the old act was repealed (Stats. 1917, p. 879), and as a substitute for the prior legislation on the subject section 26 of the present act was adopted, and it has continued in the same form to this time. In this enactment an important change respecting the substantive rights of the parties was accomplished. The later enactment provides that "the claim of an employee for compensation shall not affect his right of action for damages arising out of injury or death against any person other than the employer; and any employer having paid, or having become obligated to pay compensation, may likewise bring an action against such other person to recover said damages. If either such em-

ployee or such employer shall bring such action against such third person, he shall forthwith notify the other in writing, by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action, and, if the action be brought by either, the other may, at any time before trial on the facts, join as party plaintiff or must consolidate his action, if brought independently. If the suit be prosecuted by the employer alone, evidence of any expenditure which the employer has paid or become obligated to pay by reason of said injury or death shall be admissible, and such expenditures shall be deemed a part of the damages, including a reasonable attorney's fee to be fixed by the court; and if in such suit the employer shall recover more than the amount he has paid or become obligated to pay as compensation he shall pay the excess to the injured employee or other person entitled. If the employee joins in or prosecutes such suit, evidence of the amount of disability indemnity or death benefit paid by the employer shall not be admissible, but proof of all other expenditures on account of said injury or death shall be admissible and shall be deemed part of the damages. *The court shall, on application, allow as a first lien against any judgment recovered by the employee the amount of the employer's expenditures for compensation.''* (Italics added.)

It will thus be seen that the right of subrogation as such contained in the earlier statute is not contained in the new, but in lieu thereof the employer is granted the right to sue or to acquire a lien for his expenditures in the event the employee sues and recovers judgment. This is expressly provided for in the language which has been italicized. The purpose of the change in the substantive rights of the employer and employee in such cases does not definitely appear. Counsel for the respondent corporation suggests that it was to remedy a certain abuse wherein subrogated employer plaintiffs had compromised cases for just enough to satisfy their claims and leave the employee without satisfaction of his just claim for additional damages. The fact that, from practical considerations, the injured employee might be in better position to recover as party plaintiff, not only to the extent of the liability of the employer but for noncompensable injuries as well, than when the em-

ployer is a party to the action, might also have been a reason. ■ In any event the effect of the new law was to place it within the power of the injured employee to plead and prove before the court or jury, and to recover from a third party, damages for physical pain and mental suffering, which are elements not compensable under the Industrial Accident Law unless they affect the employee's ability to work. Such being the case it must be assumed that inherent in a judgment for damages recovered by an injured employee there may be the element of compensation for past physical pain and mental suffering or even present physical pain and mental suffering not affecting his ability to work. These are elements of recoverable damage from the third party tort-feasor which the Industrial Accident Commission has no jurisdiction to consider and fix. It would be manifestly unfair to the employee, having assumed the hazard and expense of litigation, to have the amount of the judgment attributable to these elements of damage consumed by any award made by the Commission. It must also be assumed that, inherent in the judgment, there may be elements of damage attributable to temporary or total disability, medical care and other expenses which the Commission has jurisdiction to take into consideration in making its award. It would likewise seem to be unfair to the faultless employer to be required to pay to the employee that for which the latter has been compensated in the judgment. ■ The purpose of the Industrial Accident Law is generally to insure payment for injuries of an employee without regard to his own negligence. But we conceive it never to have been the purpose of this law, when considered in connection with general law, that the employee should be permitted to recover double payment for the same compensable injury. The statute is designed to protect the employer against such a contingency provided he pursues his remedy thereunder. True, the Industrial Accident Law has cut off some of the former rights of the injured employee under the common law and former statutes, but it has done so in order that he may be certain of compensation from his employer, or, as may be said, from industry as a whole. The full right of the employee to recover from a negligent third party has been preserved and continued by the provisions of the present statute, which authorize

him to sue the third party tort-feasor unhampered by the Industrial Accident Law. The incentive and justification for suit by the employee against a third party is that recovery may be had in excess of the amount recoverable under the Workmen's Compensation Act. He may sue but he must do so without prejudice to his employer's rights and the industry represented by his employer. The statute clearly has endeavored to provide against double recovery at the option of the employer. ■ It enables the employer to safeguard his rights in that behalf by providing that "the court shall, on application, allow as a first lien against any judgment recovered by the employee the amount of the employer's expenditures for compensation." The statute is not self-executing in the employer's interest, but it affords to him the opportunity to assert his lien for expenditures for compensation on any judgment recovered and provides the forum where the amount of the lien may be ascertained and enforced. The power and duty thus expressly vested in and imposed upon the court in which the judgment was rendered to fix the amount of the lien and allow it as a first lien on the judgment would by necessary implication deny the existence of such power and duty in the respondent Commission, which has no authority in the rendition of the judgment and does not possess concurrent jurisdiction in that behalf under any statute called to our attention. The Commission certainly could not enlarge its powers in that respect by any rule adopted under the provisions of the act which would affect the substantive rights of the parties to the court action.

We have, then, a statute which confers upon the employer the right to assert his lien for expenditures for compensation and provides a forum, namely, the court in which the judgment was rendered, for the ascertainment and enforcement of that right. ■ If the employer has the statutory notice of the commencement of the action by his employee and fails to assert and timely to apply for the allowance of his lien, he must be deemed to have waived his right to the same and should be estopped by reason of such failure from thereafter asserting the right. Obviously the time to assert the right would be before satisfaction of the judgment.

■ Certain difficulties are suggested as to the workability of the statute so interpreted. It is said that there is

no method provided therein, or otherwise by law, for the segregation of the amount of the judgment into parts attributable on the one hand to noncompensable physical pain and mental suffering, and to compensable pain and suffering, disability, expenditures, etc., on the other. It is, indeed, unfortunate that the statute does not in more detail provide the procedure for such segregation, but the lack of procedure does not necessarily defeat the power of the court to exercise its functions thereunder. To the contrary it is suggested that the jury might, as in other classes of cases, be required under proper instructions to render a verdict on the special issue as well as a general verdict or to answer special interrogatories which would enable the court to ascertain the amount of the verdict attributable to elements of damage not compensable under the act. When the case is tried before the court sitting without a jury or when the verdict is general only, the proper segregation would be within the sound discretion of the court, exercised in the light of the evidence in the case. Such would also be the case when the court approves a compromise and enters judgment in accordance therewith. The difficulties suggested, while not insuperable under the present statute, might well call for further legislative action on the subject.

█ The respondent corporation insists that in the ascertainment of the amount of its lien its expenditures for compensation not yet paid but which it is obliged to pay in the future should be included. The petitioner replies that the statute specifies "expenditures for compensation", which means, he argues, past expenditures for compensation only; that none but these may be asserted as a lien and that future expenditures under the award may not be included. We are inclined to agree that properly construed, the words "expenditures for compensation" would include expenditures paid and to be paid under the award of the commission and that both should be allowed as a first lien on the judgment to the extent to which they are entitled. █ The respondent corporation has, however, been reimbursed for expenditures already paid and it may not now be heard to claim reimbursement for amounts it is under obligation to pay for the following reasons: Said corporation received the notice required by the statute of the pendency of the action brought by its employee. It presented its applica-

tion for a lien on the judgment to be rendered in the form of a stipulation for judgment, specifying therein the amount of its past expenditures only. If it desired to assert a lien for future expenditures, then was the time to do it. It failed then to assert its right and must be deemed thereby to have waived it. Also by the terms of the stipulation for judgment, satisfaction of judgment and receipt of the amount of the lien successfully asserted, all of which documents were duly signed by its authorized representative, said corporation clearly led the petitioner herein to believe that no further lien would be asserted and thus estopped itself from making a claim for further reimbursement. The waiver of its right, assertable in court, would be all-sufficient, but in addition thereto we hold that the conduct of said corporation in the court proceeding has foreclosed it from taking a position before the Commission different from that assumed by it before the court. (Subd. 3, sec. 1962, Code Civ. Proc.; *Morris* v. *Standard Oil Co.*, 77 Cal. App. 720, 723 [247 Pac. 583].)

For the reasons stated we conclude that the respondent Commission was without the power to credit the amount of the judgment or any part thereof on the expenditures for compensation past or future, under the facts presented in this case.

The authorities from other jurisdictions claimed to have an important bearing upon the questions here involved are not helpful. They are based on statutes having language not the same as our own. As to the cases in this state the petitioner places great reliance upon *Ansbach* v. *Department of Industrial Relations,* 99 Cal. App. 677 [279 Pac. 224], wherein it was held that the Commission was without power to grant to the employer a credit of the amount of a compromise judgment rendered in favor of the employee without a segregation of the judgment into its different compensable elements. In that case the District Court of Appeal arrived at the right result under the facts there presented, but the effect of that decision, as interpreted by counsel, has prompted us to enlarge upon the theory therein discussed in order to show that the employer is not without his remedy and that by diligently pursuing the same he may obtain all of the right to credits to which, under the statute or in fairness, he is entitled. In so far as the case of *Ives*

v. *Industrial Acc. Com.*, 71 Cal. App. 262 [235 Pac. 53], is inconsistent with the determination herein it must be deemed to be disapproved. Other cases cited are not controlling and additional points made in the briefs need not be discussed. While the findings of the Commission in favor of the petitioner are definite, the award is not as sufficient in form as it should be to constitute an award of compensation. It merely states that the employee shall have all compensation benefits to which he is entitled or may become entitled under the act in excess of $8,500. The award is therefore annulled and the matter is remanded to the respondent Commission with directions to grant an award in favor of the petitioner consistent with the views herein expressed.

Richards, J., Preston, J., Curtis, J., Waste, C. J., Seawell, J., and Langdon, J., concurred.

Rehearing denied.

Langdon, J., dissented.