Petition to review and annul an award of the Industrial Accident Commission.
The respondent, Theodore N. Lidberg, while employed as an interior decorator in Oakland, on March 17, 1928, sustained an injury occurring in the course of and arising out of his employment when a scaffold on which he was working collapsed and fell, injuring his left leg. On the 17th of May following he filed his application for adjustment of claim with the respondent Commission. After a hearing the Commission found the extent of the employee's disability and on rehearing made its award entitling the employee to $20.83 a week for 151 weeks amounting to $3,145.33. It found the accrued compensation to July 19, 1930, to be $2,520.43, of which $2,291.30 had been paid by the employer's insurance carrier, petitioner herein, and a balance due and to become due of $854.03. The employee commenced an action for damages in Alameda County on October 17, 1930, alleging negligence causing said injury on the part of the defendants in said action, who were third parties. After four days of trial the cause was compromised and settled with the approval of the superior court for the sum of $10,000. The judgment was satisfied by the payment of the money into escrow to await the result of an action brought by the employee against the petitioner herein, and now pending, to quiet the plaintiff's title to the proceeds of the judgment.
The petitioner herein applied to the respondent Commission for relief from liability for any compensation found to be due the employee on the ground that the latter had recovered on the judgment for damages because of said injury in excess of the award. The Commission denied the relief requested *Page 453 
on the ground that the agreement settling the employer's claim in the superior court action did not, nor did the judgment entered pursuant thereto, nor did the court otherwise segregate in any manner the workmen's compensation benefits due the employee and the damages recovered by the employee which were not a part of the compensation benefits. Thereupon the petition herein was filed.
[1] It further appears from the record before us that both Lidberg's employer and his insurance carrier, the petitioner herein, were duly notified of the pendency of the superior court action. It also appears that the attorney for the petitioner was present in open court when the agreement for the settlement of the action for damages was approved and he offered no objection to the same. Nor did the petitioner apply to the court for the allowance of a lien on the judgment on account of expenditures paid or to be paid on account of compensation benefits.
On the foregoing statement of facts the determination of this matter falls within the ruling in the case of Jacobsen v.Industrial Acc. Com. et al. (S.F. No. 13796), ante, p. 440 [299 P. 66], this day decided. The petitioner had full opportunity to protect its rights in the forum provided by the statute for that purpose. Not having availed itself of that opportunity, it must be deemed to have waived the same. Under the ruling in the Jacobsen case the respondent Commission did not have the power to make the segregation. That power is vested exclusively in the court in which the judgment was rendered. From what has been said in the Jacobsen case and in this opinion, it should be understood that the problem presented and determined applies only to cases where the employee recovers a judgment against a third party tort-feasor in an action for damages for the negligence of the latter. The powers of the Commission otherwise to order credits and liens under the act are not affected.
The award is affirmed.
Richards, J., Seawell, J., Curtis, J., Langdon, J., Preston, J., and Waste, C.J., concurred.
Rehearing denied.
Langdon, J., dissented. *Page 454