[Civ. No. 6509. Second Appellate District, Division One.—July 1, 1929.]

G. M. ANSBACH, Petitioner, v. DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF INDUSTRIAL ACCIDENTS AND SAFETY, and FEDERAL MUTUAL LIABILITY INSURANCE COMPANY, Respondents.

Kirtland I. Perky and Ralph W. Eckhardt for Petitioner.

G. C. Faulkner and Willis I. Morrison for Respondents.

HOUSER, J.—*Certiorari.* Somewhat condensed, the history of the present proceeding before this court is that in the course of his employment petitioner was injured; for which injury, at the instance of the employer and the insurance carrier, petitioner regularly received medical and surgical treatment. Some months after the happening of the accident which caused the injury, and pursuant to the direction of the employer and the insurance carrier, in an attempt to further relieve the employee from the effects of the injury received by him, by reason of the alleged malpractice of the attendant surgeon, petitioner received injuries which greatly added to his infirmities. Thereafter, on application made by petitioner to the respondent tribunal, the compensation to which petitioner was entitled under the provisions of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831, as variously amended) was adjusted.

By the terms of section 26 of said act a claim for compensation from the employer has no effect upon the right of the employee to an action for damages arising out of his injury against any person other than the employer; but where judgment is so recovered against such "third person" the employer is entitled, on application, to a first lien thereon on account of his "expenditures for compensation."

Following the adjustment of the employee's compensation by the respondent tribunal, the employee commenced an action against the surgeon for damages alleged to have been

sustained by the employee by reason of the malpractice of the surgeon. Subsequently, and after a mistrial of the action, a money settlement of the controversy was agreed upon by the respective parties thereto. Later, on application presented by the insurance carrier, the respondent tribunal made an order by which the award theretofore made to the employee was reduced in the amount received by him in the settlement of the action brought by the employee against the surgeon on account of his alleged unskilful practice in treating the employee. It is with reference to such order that it is contended the respondent tribunal exceeded its jurisdiction. Before considering the question thus presented, it may be observed that from the conclusion reached herein it becomes unnecessary to definitely decide whether within the meaning of the statute here involved the surgeon was a "third person"; or whether a voluntary settlement by a "third person" in an action brought against him constitutes a "judgment."

In the application made by the employee for adjustment of his claim against his employer the employee asked for "a total permanent disability rating." On the hearing evidence was received not only as to the nature and effect of the original injury, but, as well, relating to the surgical operation which resulted in the aggravation of the injuries received at the time the accident occurred. Findings of fact upon which the award of compensation was made by the respondent tribunal, among other things, contained the statement that "said injury caused permanent disability . . ."; and it was on account of and based upon such "permanent disability" that compensation was awarded.

With reference to the injury sustained by the employee, and for which he claimed damages from the surgeon, in addition to specific averments relating thereto, the complaint contained the allegation that by reason of the acts of the defendant the plaintiff "has suffered great physical pain and mental anguish." In the settlement effected between the parties to such litigation a release from all "claims, demands, rights and causes of action . . . as set forth in the complaint," was given by the plaintiff to the defendant; from which statement it would appear that the "physical pain and mental anguish" suffered by plaintiff on account or by reason of the alleged malpractice of the

defendant on the plaintiff was included in such settlement. The question therefore arises as to whether an award of compensation by the respondent tribunal for "permanent disability" of the employee did include, or could have included, the item of "physical pain and mental suffering" theretofore endured by the employee. Although, as argued by respondents, the respondent tribunal has authority to determine the percentage of disability of an applicant for compensation, and as one of the several items which may be taken into account in reaching a conclusion thereon may include therein "pain, grief, suffering," which are present and which affect the employee's then "ability to work"—nowhere in the express terms of the statute, or in the judicial decisions of this state to which our attention has been directed, may be found any indication that past "physical pain and mental anguish" endured by the employee may be compensated. In other words, so far as is discoverable, the jurisdiction of the respondent tribunal in the premises is limited to a determination of the percentage of disability existent in the employee at the date of hearing of his application for compensation. It must be assumed that in making its award of compensation to the employee for "permanent disability" the respondent tribunal included therein such items only as were either expressly authorized by statute or which were impliedly authorized thereby; and, consequently, that the past "physical pain and mental anguish" suffered by the employee were not included within the "permanent disability" of the employee for which the award of compensation was made.

Reverting to section 26 of the Workmen's Compensation, Insurance and Safety Act, it will be noted that when either the employee or the employer institutes an action for damages against a "third person" for or on account of his alleged negligence in connection with the injury suffered by the employee "he shall forthwith notify the other . . . of such fact . . . ," whereupon the other may join in such action as a party plaintiff. Herein it appears that when the employee commenced the action against the surgeon he immediately in writing notified the employer of such fact, but that the latter took no action in the premises other than to aid, assist and encourage the defendant therein. It is manifest that had the employer been a party litigant no

settlement thereof could have been effected without his consent thereto, and that in the event of a settlement, if the employer wished to protect his interests, it would become his duty to segregate the items going to make up the total thereof, so as to show at least how much thereof was allowed for "physical pain and mental suffering," and what amount, if any, was allowed for "permanent disability," as contemplated by the provisions of the Workmen's Compensation, Insurance and Safety Act. ■■ For aught that now appears or may be ascertained, the total amount received by the employee represented the damages which he suffered by reason of his past "physical pain and mental suffering." If so, as hereinbefore intimated, the respondent tribunal was without jurisdiction to deduct such amount from the award for "permanent disability" theretofore made to the employee. Nor, assuming that the award originally was composed of two or more items, would it be possible either for the respondent tribunal or for this court, either now or at any future time, to separate the total award into its several component parts. It is manifest that in the settlement the employee may have considered that the total amount, or at least some substantial portion thereof, represented his damages for past "physical pain and mental anguish." On the other hand, the defendant in the action either may have mentally divided the amount of the settlement into many different items without including therein any sum for "physical pain and mental suffering," or may have paid it with the idea that it represented some unspecified sum for each item expressly mentioned in the complaint in the action or impliedly contained therein. It results that in making the order here in question the respondent tribunal acted without and in excess of its jurisdiction; for which reason the said order is annulled.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 18, 1929, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1929.

All the Justices concurred.