[Civ. No. 7186. First Appellate District, Division Two.—February 26, 1930.]

FRANK F. LEINER, Respondent, v. ENG-SKELL COM-PANY (a Corporation) et al., Appellants.

Charles B. Morris and McEnerney & Morris for Appellants.

Edmund J. Holl for Respondent.

NOURSE, Acting P. J.—Plaintiff sued for damages resulting from being struck by an automobile, which was driven by the defendants, while plaintiff was standing upon the sidewalk adjoining a public street in the city and county of San Francisco. The cause was tried before a jury and resulted in a verdict in favor of plaintiff in the sum of five thousand dollars. From the judgment upon the verdict the defendants appeal upon typewritten transcripts.

The case made by plaintiff was that while he was standing upon the sidewalk the truck suddenly swerved from its course in the street so that the front and rear right wheels thereof came over the curbing and proceeded for a distance along the sidewalk so that the truck struck plaintiff, throwing him against an iron pole and causing the injuries complained of. In defense evidence was offered that because of the condition of the surface of the highway the truck suddenly skidded to the right so that the front and rear right wheels came flush with the curb and that the overhang of the truck struck the plaintiff, who under defendants' theory was standing too close to the edge of the sidewalk. Plaintiff put in evidence provisions of an ordinance of the city and county of San Francisco which made it unlawful for any person (among other things) "to drive an automobile upon or along any public sidewalk." The trial court read this ordinance to the jury and gave an instruction to the effect that if it were found that the operator of the automobile was driving it in violation of this ordinance "that in itself establishes negligence on the part of the defendant," provided that it should be found that such negligence was the proximate cause of the injury, etc.

On this appeal the point is raised that the trial court should have construed the ordinance in question and should have advised the jury that the expression "upon or along" meant "upon and along" so that the inhibition of the ordinance should not go to a driving upon a sidewalk alone such as to prevent a crossing of a sidewalk into a garage or vacant lot. Manifestly the word "or" in the ordinance is incorrectly used for "and" and the clear purpose of the ordinance is the prohibition of driving "upon and along" a sidewalk rather than a driving across a sidewalk for purposes of ingress or egress to or from private property. But aside from the fact that the defendant did not request an instruction upon these lines we are unable to perceive how the failure to so instruct has any bearing upon the case. It was the plaintiff's case that the two right wheels proceeded both upon and along this particular portion of the sidewalk. There was no contention by either party that the automobile was being driven across a sidewalk and there is no contention that the ordinance relates only to a case where all four wheels are upon and along

the sidewalk. If the evidence offered by the plaintiff is to be believed then manifestly the automobile at the time of the accident was being driven both upon and along the sidewalk in violation of the terms of the ordinance.

This brings us to the further contention of the appellants that the court erred in instructing the jury that a violation of the ordinance in the manner just referred to established negligence on the part of the defendants, and that the court should have gone further and instructed the jury that such violation of an ordinance was negligence only in the event that it was not satisfactorily explained or excused. There is no quarrel with the rule as stated in the case of *Berkovitz* v. *American River Gravel Co.*, 191 Cal. 195, 199 [215 Pac. 675, 677], that "If some good excuse appears, which would be a sufficient defense to an action for the penalty imposed by the law, . . . then the law is not really violated." But whatever application the rule may have to the case at hand, we are confronted by the fact that the only explanation or excuse made by the defendants was that the automobile skidded or sloughed over to the sidewalk and that this defense was the only explanation or excuse which the defendants requested the court to submit to the jury. Their request for an instruction on this phase of the case was given in full as requested and the defendant cannot now point to any error on the part of the trial court.

It is argued, with apparent lack of confidence in the point, that the trial court erred in permitting the plaintiff to offer evidence of loss of wages or earning power in the absence of an express allegation in the complaint specifying such loss as an item of the damage suffered. The rule is settled that evidence of loss of earning power is admissible under general allegations of damage and that special averments of such loss are not necessary. (*Worden* v. *Central Fireproof Bldg. Co.*, 172 Cal. 94, 97 [155 Pac. 839]; *Shaw* v. *Southern Pac. R. R. Co.*, 157 Cal. 240, 242 [107 Pac. 108].)

We find no error in the record.

Judgment affirmed.

Sturtevant, J., and Dooling, J., *pro tem.*, concurred.