[Civ. No. 7916. First Appellate District, Division Two.—August 26, 1931.]

THEODORE N. LIDBERG, Respondent, v. E. T. LEITER & SON (a Copartnership), etc., et al., Defendants; ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LIMITED (a Corporation), Appellant.

Bronson, Bronson & Slaven for Appellant.

P. O. Solon and William H. Hollander for Respondent.

NOURSE, P. J.—This is an appeal from an order denying the motion of the Zurich General Accident & Liability Insurance Company to set aside a satisfaction of judgment and consent thereto, and for a lien upon that judgment in favor of the insurance company.

The plaintiff Lidberg was injured while in the course of his employment as an interior decorator. In due course the Industrial Accident Commission awarded him compensation amounting to $3,145.33, of which sum $2,291.30 was found to have been paid. Thereafter the plaintiff commenced this

action against the defendants Leiter & Son and Western Asbestos Magnesia Company in tort for damages resulting from said injuries. Notice of this action was given to the employer and to his insurance carrier, the Zurich Company. The case consumed four days of trial during which the attorney for the Zurich Company was continually present. At the end of the fourth day the matter was compromised and by written stipulation $10,000 was paid in full satisfaction of all claims arising out of the accident. Counsel for the Zurich Company sat in on all the negotiations leading to this settlement which were had in open court or in the judge's chambers. By the terms of the settlement the full sum of $10,000 was deposited in escrow subject to a number of conditions which are not of interest here, except the condition that plaintiff should commence a suit to quiet title to the fund against all parties to the suit and against the Zurich Company. Judgment was thereupon duly entered in accordance with this stipulation. At the same time this stipulation was filed the plaintiff requested the consent of the trial court to a satisfaction of the judgment. Such consent was given in writing by the trial court in the presence of all parties and satisfaction of the judgment was accordingly executed and filed. Thereafter the Zurich Company filed its notice of motion to set aside the satisfaction of the judgment upon the general grounds mentioned in section 473 of the Code of Civil Procedure of inadvertence, error and mistake. During the hearing upon that motion the foregoing facts were either shown by affidavit or, having occurred in the presence of the same trial judge, were agreed to in open court. The motion was denied upon the grounds that the Zurich Company had not moved within due season to attach its lien upon the judgment.

The order must be affirmed for two reasons. ██ First, the lien permitted by the terms of section 26 of the Workmen's Compensation Act (Stats. 1917, pp. 831, 854, as amended Stats. 1927, p. 1213; Deering's Gen. Laws (Supp. 1925–27), Act 4749) is a lien solely for the "expenditures for compensation" which the employer is required to make under an award of the accident commission and this lien does not cover that portion of a verdict or judgment for damages in tort which covers the physical pain and suffering resulting from the injury. (*Ansbach* v. *Department of Industrial Rela-*

*tions,* 99 Cal. App. 677, 680, 681 [279 Pac. 244].) In order to determine the amount of the judgment which should be subjected to a lien for these expenditures it is necessary that the lien claimant assert his right to a lien within such time that the jury in its verdict, or the court in its judgment, may judicially segregate the items. (*Ansbach* v. *Department of Industrial Relations, supra; Jacobsen* v. *Industrial Acc. Com.,* 212 Cal. 440 [299 Pac. 66].) In the Jacobsen case the Supreme Court say: "If the employer has the statutory notice of the commencement of the action by his employee and fails to assert and *timely to apply* for the allowance of his lien, he must be deemed to have waived his right to the same and should be estopped by reason of such failure from thereafter asserting the right. Obviously the time to assert the right would be before satisfaction of the judgment."

The appellant argues that the statute is indefinite in this respect and does not prescribe the procedure by which these items should be segregated. The same argument was made in the Jacobsen case and to that argument the Supreme Court say: "To the contrary it is suggested that the jury might, as in other classes of cases, be required under proper instructions to render a verdict on the special issue as well as a general verdict or to answer special interrogatories which would enable the court to ascertain the amount of the verdict attributable to elements of damage not compensable under the act. When the case is tried before the court sitting without a jury or when the verdict is general only, the proper segregation would be within the sound discretion of the court, exercised in the light of the evidence in the case. Such would also be the case when the court approves a compromise and enters judgment in accordance therewith."

To better understand the mind of the Supreme Court upon the question of the time when such a lien should be asserted we should add that, in the Jacobsen case, segregation was made in the judgment, and the employer was reimbursed for *past* expenditures, and that, after the entry and satisfaction of the judgment, he sought to impose a lien for additional expenditures for compensation which had been awarded by the accident commission. In holding that the right to this lien had been waived the court say: "It

presented its application for a lien on the judgment *to be rendered* in the form of a stipulation for judgment, specifying therein the amount of its past expenditures only. If it desired to assert a lien for future expenditures, *then was the time to do it*. It failed there to assert its right and must be deemed thereby to have waived it.'' (Emphasis ours.)

It will be noted that the rights of the employer as to past expenditures were fully protected in the Jacobsen case by its assertion of a lien for that purpose *prior* to judgment. The law thus gives to the employer and to his insurance carrier a simple means of protection and, because of the necessity of segregating the lienable portion of the judgment or verdict from the unlienable, the proper time to assert such a lien is before the judgment or verdict is entered.

 Second: But, for another reason the order must be affirmed. The judgment has become final and the time for appeal or to move to set it aside or modify has long since expired. Appellant merely moved to set aside the satisfaction of the judgment, allowing the judgment to stand as entered. But admittedly the judgment made no segregation of the lienable items. It is too late now to modify that judgment. Hence, to set aside the satisfaction would be futile. The motion for a lien is one that the court could not grant because the judgment is not in such form as would enable the court to determine the extent of the lien. There was no error in the denial of the motion.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.