[Civ. No. 8725.   Second Appellate District, Division One.—February 5, 1935.]

KATHERINE F. DIGHTON, Appellant, v. W. A. MARTIN, Defendant; REAL SILK HOSIERY MILLS, INC. (a Corporation), Applicant for Lien and Respondent.

Clark & Morgan for Appellant.

Hill, Morgan & Bledsoe, Kenneth K. Wright and W. M. Farrer for Respondent.

ROTH, J., *pro tem.*—Appellant in an action for personal injuries sustained January 21, 1931, recovered a judgment entered on May 14, 1932. At the time of the accident appellant was the employee of Real Silk Hosiery Mills, Inc., respondent herein, performing duties within the scope of her employment. During the pendency of the action and before satisfaction of judgment, appellant's employer, respondent herein, filed an application for a lien against the judgment, pursuant to the provisions of section 26 of the Workmen's Compensation, Insurance and Safety Act, as amended in 1931 (Stats. 1931, p. 2370). On motion after notice the application was heard, whereupon an order was made and entered on June 24, 1932, granting to respondent a lien against a judgment in the amount of $1599.08, which sum included $559.70 for medical, surgical and incidental expenses and the balance applicant's disability compensation, all of which was paid by respondent to appellant, pursuant to an award of the Industrial Accident Commission. The appeal is from this order. The record on appeal is the judgment roll, and the record of proceedings relating to said claim of lien.

In her complaint appellant sets out no special damages, alleging generally confinement to her bed for a period of

four months, permanent partial disability, pain and suffering, as damages to be compensated. The jury brought in a verdict of $6,000, on which judgment was entered. No special interrogatories were put to the jury on the subject of damages. The record on appeal being as above stated, it cannot be ascertained what the evidence was on the subject of damages.

Under the provisions of section 26 of the Workmen's Compensation Act, as amended in 1931, an employer, who has paid or become obligated to pay compensation to, or to make expenditures for an employee for disability suffered in the course of employment as a result of the negligence of a third party, has rights of subrogation to the "amount of the employer's expenditures for compensation", which the employer may exercise in any one of three ways. He may bring an independent suit, he may join in an action with the injured employee, or "if the employer has not joined in the action or has not brought action, or if his action has not been consolidated, the court shall, on application of the employer, allow as a first lien against the entire amount of any judgment for any damages recovered by the employee the amount of the employer's expenditures for compensation, . . . "

The act does not specifically indicate when an application for a lien against the judgment must be filed in the event that method of subrogation is elected, although the language of section 26, immediately succeeding that which has been quoted, suggests that such an application may be filed at any time before satisfaction of judgment, and it has been so held. (*Jacobsen* v. *Industrial Acc. Com.*, 212 Cal. 440, 448 [299 Pac. 66].)

The excerpted portion of section 26 of the Workmen's Compensation Act was amended in 1931 to read as it has been quoted. At the time of the accident which resulted in the disability suffered by appellant, the 1931 amendment was not effective, but it had become so prior to September 27, 1931, at which time respondent filed its application for the lien.

Section 73 of the act specifically provides that its provisions shall not apply to injuries sustained prior to its effective date, except as to matters of procedure. The case of *County of San Bernardino* v. *Industrial Acc. Com.*, 217

Cal. 618 [20 Pac. (2d) 673], settles the fact that the amendment to section 26 as applied to the facts here involved is a procedural change, and applies to all proceedings had, taken or completed subsequent to its adoption.

Appellant's contention is that if an employer has the third remedy, and if he can exercise it independently of the other two at any time before satisfaction of judgment, as he undoubtedly can, then an employer in many cases would have a lien against damages recovered by the employee for pain and suffering, and that such in fact is the situation in this case. To avoid such a result, appellant argues that an employee in order to protect himself would be compelled, in every case where the employer has not filed an independent suit or joined in the action with the employee, to act for his employer in an endeavor to recover all sums which the employer had paid to him as a result of an award made by the Industrial Accident Commission. In short, that the protection of the employer's rights is cast upon the employee, contrary to the law as it existed prior to 1931. (*Ansbach* v. *Department of Industrial Relations*, 99 Cal. App. 677 [279 Pac. 224]; *Jacobsen* v. *Industrial Acc. Com.*, *supra*, p. 448.)

It is clear, and it has been held prior to the 1931 amendment of section 26, that it was not contemplated that the subrogation rights given to an employer should extend to damages recovered by the employee for pain and suffering, the sole purpose of the subrogation provisions being to prevent the employee making a double recovery for loss of work and other items of special damage to the detriment of his employer. (*Jacobsen* v. *Industrial Acc. Com.*, *supra*, p. 447.)

*Ansbach* v. *Department of Industrial Relations*, *supra*, decided prior to the 1931 amendment, holds, at page 680 [99 Cal. App.], that although the act in question gives to the Industrial Accident Commission authority to take into account pain, grief and suffering "which are present and affect the employee's then ability to work—nowhere in the express terms of the statute or in the judicial decisions of this state . . . may be found any indication that 'past pain and mental anguish' endured by the employee may be compensated". (See, also, *Jacobsen* v. *Industrial Acc. Com.*, *supra*, p. 447.)

It is apparent, therefore, that the lien of an employer would not, prior to the amendment, attach to damages recovered for past pain and suffering, or to any pain and suffering that does not become an element in fixing a present disability. The Ansbach case further holds that when the employer has had timely notice of the proceedings and participates therein, the burden is placed on the employer to cause the damages to be segregated so as to permit the application of his lien to so much of the judgment as is rendered for disability, as distinguished from pain and suffering.

As amended in 1931, section 26 of the act specifically allows the employer "a first lien against the *entire amount* of any judgment for *any* damages recovered by the employee, . . ." Since the amendment was passed after the decision of the Ansbach and Jacobsen cases, it might be inferred that the legislature intended to make damages recovered for pain and suffering lienable, irrespective of a segregation of the elements of damage. We are not prepared to so hold. We believe that the amendment lends itself to a more reasonable construction, and one which is more in consonance with the spirit and intent of the act, as expressed in section 1 thereof, and as announced by various decisions of our courts. A more natural conclusion to be drawn is that the legislature intended that the employee should be obliged to protect his right to damages for pain and suffering free from any lien of his employer by causing a court or jury to segregate damages awarded, so that it will clearly appear what portion is allowed for pain and suffering.

That confusion existed prior to the 1931 amendment as to the manner in which the rights of employer and employee were to be protected and particularly as to the manner of subjecting a judgment recovered by an employee to the lien of an employer is indicated by the court in the Jacobsen case, where it is said: "It is, indeed, unfortunate that the statute does not in more detail provide the procedure for such segregation, but the lack of procedure does not necessarily defeat the power of the court to exercise its functions therein." (*Jacobsen* v. *Industrial Acc. Com., supra,* p. 449.)

Whereas the Jacobsen and the Ansbach cases hold that an application for a lien may be made at any time before

satisfaction of judgment, the court in the case of *Lidberg* v. *E. T. Leiter & Son,* 116 Cal. App. 312, page 316 [2 Pac. (2d) 526], says: "It will be noted that the rights of the employer as to past expenditures were fully protected in the Jacobsen case by its assertion of a lien for that purpose *prior* to judgment. The law thus gives to the employer and to his insurance carrier a simple means of protection, and because of the necessity of segregating the lienable portion of the judgment or verdict from the unlienable, the proper time to assert such a lien is before the judgment or verdict is entered."

Although under the law the employer may bring an independent action against a third party tort-feasor to recover damages which he has paid to his employee, practically the initiation and control of such litigation resides with the employee. The statute provides that the employee when he brings an action against a third party tort-feasor must give notice thereof to his employer. Not infrequently, however, the employee has overlooked this duty; not infrequently cases have gone to judgment before the employer has had any notice of an action by an employee. The pertinency of these observations is emphasized by the facts in the case at bar. Appellant gave no notice to respondent, as required by section 26, of the commencement of his action. Some months after the action had been filed, respondent learning of the same, filed notice of its claim of lien setting forth in detail all of the items which were ultimately allowed to it. This notice was filed in the action and served upon appellant's attorney in ample time before trial. Appellant thereafter proceeded to trial without notice of any kind to respondent; thus respondent through no fault of its own, but because of inadvertence or calculation on the part of appellant, did not have opportunity to appear and insist upon a segregation of damages prior to judgment, as seems to be required by the Lidberg case. Such a situation is manifestly unjust to the employer, and it is our belief that to prevent a recurrence of such situation or similar ones, the amendment to section 26 of the act herein discussed was made.

Aside from the fact that appellant in the instant case requested no such segregation of damages and none was made, there are other reasons why the appellant's conten-

tion must fall. It is true that appellant did not ask for special damages. She did, however, allege confinement to her bed for approximately four months and permanent partial disability for the remainder of her lifetime. Appellant's assumption in the absence of a record specifically calling attention to the evidence that all damages recovered were for pain and suffering is a violent one, since there is no question but that decreased earning capacity is a vital element for damages in an action for personal injuries. (*Leiner* v. *Eng-Skell Co.*, 104 Cal. App. 228 [285 Pac. 905]; *Worden* v. *Central Fireproof Bldg. Co.*, 172 Cal. 94 [155 Pac. 839]; *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237 [116 Pac. 513].) In addition, it is not infrequent in actions for personal injuries, in the absence of specific objection, that evidence of special damages is admitted, even though there are no allegations of such special damages. Under such circumstances, the jury in its general verdict could include all such items of special damages. (*Ryan* v. *Oakland Gas etc. Co.*, 21 Cal. App. 14 [130 Pac. 693].) Every presumption on appeal being against error by the trial court, we may and do assume that such evidence was in fact received. (*Borges* v. *Dunham,* 169 Cal. 83 [145 Pac. 1011]; *Hibernia Savings & Loan Soc.* v. *Doran,* 161 Cal. 118 [118 Pac. 526].)

Finally, it appears from the record, as already stated, that the application for lien was made and that, subsequently, after judgment and before satisfaction thereof, such application was heard on notice before the same judge who presided at the trial and heard the evidence. Appellant was present at the hearing, the claim of the employer was substantially in the amount that was allowed, and the record indicates that the court had before it evidence sufficient to support the order. Appellant has shown nothing to the contrary.

The order is affirmed.

Conrey, P. J., and York, J., concurred.