[Civ. No. 9044. Second Appellate District, Division One.—April 18, 1935.]

HAL CHASE, Respondent, v. SOUTHERN PACIFIC COMPANY, Defendant; PACIFIC INDEMNITY COMPANY (a Corporation), Petitioner and Appellant.

George L. Greer for Appellant.

Leland J. Allen for Respondent.

YORK, J.—On July 28, 1928, plaintiff and respondent filed complaint for damages for personal injuries against the defendant Southern Pacific Company. On November 16, 1928, defendant having theretofore answered, the Pacific Indemnity Company, appellant herein, filed an application in the action for a lien against any judgment, which respondent might recover, for sums already paid and expended and to be paid.and expended by appellant to and for the benefit of respondent, pursuant to provisions of section 26 of the "Workmen's Compensation, Insurance and Safety Act". Respondent at the time of his injury was employed by The Pioneer Paper Co., and appellant was the insurance carrier of respondent's employer. The action was tried in March, 1929, and judgment was entered in favor of respondent. Thereafter, on motion for new trial made by Southern Pacific Company, the said motion was denied on condition that respondent consent to a reduction of the judgment. Consent was given and the judgment was reduced.

During the trial of the action, appellant's application for a lien was offered in evidence, and respondent offered evidence of loss of time, past and future, as well as evidence of special damages. The amount of the application for lien at the time of the trial was less than the total finally claimed, although the application recited that sums were to be paid and expended in the future, and appellant actually continued to pay and expend money to and for the benefit of respondent until April 15, 1929.

The judgment was appealed from by the Southern Pacific Company, and on February 24, 1932, the *remittitur* was received in the trial court affirming the judgment. On February 29, 1932, upon an *ex parte* application and order, appellant was allowed a lien against the judgment in the amount of $856.03, being the full amount expended by appellant, pursuant to section 26 of the Workmen's Compensation, Insurance and Safety Act. On March 5, 1932, another department of the superior court ordered the Southern Pacific Company to pay to the clerk of the court the full amount of such judgment, and ordered the clerk to enter a satisfaction thereof. On March 29th, the court ordered the clerk to hold the sum of $856.03 for a period of three weeks pending a determination of the rights of

appellant. Thereafter another order and stipulation were entered into, the effect of which was that the clerk should hold said sum of $856.03 pending the determination by the court of a motion made by appellant that its lien be allowed. The motion subsequently was heard and on July 30, 1932, it was denied. This appeal is from the order denying said motion.

It will be noted from the recitation of the facts that appellant filed its original application for a lien before trial; that it was received in evidence during the trial, and that after the appeal had been taken and the *remittitur* transmitted affirming the judgment had been filed in the trial court, and before satisfaction thereof, appellant, pursuant to *ex parte* application and order, was allowed its lien for the full amount thereof.

It is true as respondent contends, that in the case of *Lidberg* v. *Leiter & Son,* 116 Cal. App. 312 [2 Pac. (2d) 526], the court says at page 316: "The law thus gives to the employer and to his insurance carrier a simple means of protection and, because of the necessity of segregating the lienable portion of the judgment or verdict from the unlienable, the proper time to assert such a lien is before the judgment or verdict is entered." The holding of the court in the Lidberg case is contrary to that announced in the cases of *Jacobsen* v. *Industrial Acc. Com.,* 212 Cal. 440, 448 [299 Pac. 66], and *Ansbach* v. *Department of Industrial Relations,* 99 Cal. App. 677 [279 Pac. 224]. Both the latter cases hold that the application may be filed at any time prior to satisfaction of judgment. This discrepancy was disposed of in the recent case of *Dighton* v. *Martin,* 4 Cal. App. (2d) 401 [41 Pac. (2d) 197], where we say: "That confusion existed prior to the 1931 amendment as to the manner in which the rights of employer and employee were to be protected and particularly as to the manner of subjecting a judgment recovered by an employee to the lien of an employer is indicated by the court in the Jacobsen case, where it is said: 'It is, indeed, unfortunate that the statute does not in more detail provide the procedure for such segregation, but the lack of procedure does not necessarily defeat the power of the court to exercise its functions therein.' (*Jacobsen* v. *Industrial Acc. Com., supra,* p. 449.)

"Whereas the Jacobsen and the Ansbach cases hold that an application for a lien may be made at any time before satisfaction of judgment, the court in the case of *Lidberg* v. *E. T. Leiter & Son,* 116 Cal. App. 312, page 316, says: 'It will be noted that the rights of the employer as to past expenditures were fully protected in the Jacobsen case by its assertion of a lien for that purpose *prior* to judgment. The law thus gives to the employer and to his insurance carrier a simple means of protection, and, because of the necessity of segregating the lienable portion of the judgment or verdict from the unlienable, the proper time to assert such a lien is before the judgment or verdict is entered.' "

▉  Furthermore, the application in this case was filed before entry of the judgment. The fact that such application was not complete because of liability on the part of appellant for future payments and expenditures, does not mean that it cannot be completed subsequently, or, if still incomplete at the time judgment is about to be satisfied, that a court cannot estimate and allow for future payments and expenditures. As stated in the Dighton case, *supra,* p. 403 [4 Cal. App. (2d)] : "Under the provisions of section 26 of the Workmen's Compensation Act, as amended in 1931, an employer, who has paid or become obligated to pay compensation to, or to make expenditures for an employee for disability suffered in the course of employment as a result of the negligence of a third party, has rights of subrogation to the 'amount of the employer's expenditures for compensation', which the employer may exercise in any one of three ways. He may bring an independent suit, he may join in an action with the injured employee, or 'if the employer has not joined in the action or has not brought action, or if his action has not been consolidated, the court shall, on application of the employer, allow as a first lien against the entire amount of any judgment for any damages recovered by the employee the amount of the employer's expenditures for compensation, . . . '

"The act does not specifically indicate when an application for a lien against the judgment must be filed in the event that method of subrogation is elected, although the language of section 26, immediately succeeding that which has been quoted, suggests that such an application may be filed at any time before satisfaction of judgment, and it

has been so held. (*Jacobsen* v. *Industrial Acc. Com.*, 212 Cal. 440, 448 [299 Pac. 66].)"

The employer had the same remedies prior to the 1931 amendment, and he did not have to sue or intervene in the suit to protect his lien, as respondent urges. It was and is sufficient if such employer files an application for a lien. No complaint is made that the items claimed and which make up the total of $856.03 were not paid and expended in accordance with and pursuant to section 26 of the Workmen's Compensation Act.

The order is reversed with directions to the trial court to grant appellant's motion for a lien against the judgment to the amount of $856.03.

Conrey, P. J., and Houser, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 17, 1935.